STATE of Missouri, Respondent,

v.

Leevester HAWKINS, Appellant.

WD 40988.

Missouri Court of Appeals,
Western District.

Sept. 5, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 1989.

Application to Transfer Denied
Nov. 14, 1989.

John L. Vohs, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P.J., and CLARK and FENNER, JJ.

CLARK, Judge.

Leevester Hawkins was convicted by a jury of the crime of forcible rape committed upon Angelice Owens. On this appeal, he raises four points of error which may be summarized as follows: The court erred when it overruled defense objections to the state's closing argument and sustained the state's objections to the defense closing argument, all in respect to testimony by witness Nicole Johnson, and the court also erred when it overruled defense objections to the testimony given by the same witness. The points lack merit and the judgment is therefore affirmed.

On June 2, 1987, Leevester entered the Owens residence with a key given him by Angelice's sister, Tina, whom Leevester had been dating. Leevester's purpose in coming to the house was to locate Tina, but she could not be reached. According to Angelice, Leevester took advantage of the visit to force Angelice onto a sofa where he inserted his penis into her vagina. Angelice screamed for Leevester to stop. The screams were heard by another of Angelice's sisters, Nicole Johnson, who was returning from work. Nicole testified she heard the screams when she was "a house away." As Nicole arrived, Leevester ran out the back door. The police were called and Leevester was charged.

■ The first two points concern Nicole's testimony as to where she was when she first heard Angelice's screams. The defense attempted to cast doubt on the testimony by showing that Nicole had made inconsistent statements to a defense investigator and to the police. In closing

argument, the defense attorney referred to Nicole's testimony about hearing the screams and then said:

She certainly didn't say that to the police officer that interviewed her 2 days * * *.

The evidence upon which the argument was based consisted of questions defense counsel put to Nicole about a signed statement she had given. Nicole testified she did not remember the portion of the statement in question. The statement itself was never introduced in evidence. The court was correct in denying the line of argument quoted above for the reason that it lacked evidentiary foundation. The content of Nicole's statement to the police simply was not in evidence.

■ With respect to the same testimony, the defense attorney in cross-examining Nicole had asked her about a statement she had given to an investigator from the public defender's office. She was asked if she had told the investigator of hearing Angelice's scream only when she "approached the door, almost." Nicole answered that she did not remember making the statement. No statement was introduced in evidence and the investigator did not testify. In closing argument, the prosecutor suggested that Nicole had not given the statement as inferred by the defense because otherwise, the defense would have offered some proof to that effect. The defense objected to the argument and the objection was overruled.

The argument was proper. It was a response in rebuttal to an attack on the credibility of the state's witness and was invited. Having in mind the broad discretion resting with the trial court to control closing argument, *State v. McDonald*, 661 S.W.2d 497, 506 (Mo. banc 1983), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1875, 85 L.Ed.2d 168 (1985), we find no error.

■ Appellant's third point also concerns Nicole's testimony. Over objection by the defense, Nicole was allowed to say that when she came into the house and asked Angelice what had happened, Angelice said "Lee had raped her." Appellant claims the hearsay statement was inadmissible.

A spontaneous statement or excited utterance is an exception to the hearsay rule under the rationale that where the statement is made as a result of shock produced by the event, the utterance may be taken as expressing the true belief of the speaker. *State v. Griffin*, 662 S.W.2d 854, 858 (Mo. banc 1983), *cert. denied*, 469 U.S. 873, 105 S.Ct. 224, 83 L.Ed.2d 153 (1984). A victim's statement that she has been raped is admissible as an excited utterance. *State v. Wilson*, 719 S.W.2d 28, 33 (Mo. App.1986).

The statement here was admissible under the above authority as an exception to the hearsay rule. The assault by Leevester had only just been perpetrated and the shock of the event lends the necessary credibility to the statement. The point of asserted error is denied.

■ In a final point, appellant says it was error for the court to overrule his objection to testimony by Angelice that she was unable to read or write. The basis for the objection was the claim that the evidence was irrelevant to the case and it tended to prejudice appellant.

In the first place, an issue in the case was whether Angelice had consented to sexual intercourse with Leevester. If Angelice were of limited mental capacity, that fact would bear on her ability to consent. Evidence that a twenty year old woman could not read or write has at least some arguable bearing on the issue of mental capacity. Evidence is relevant if it tends to prove or disprove a fact in issue or if it corroborates evidence that is relevant and bears on a principal issue. *State v. Jackson*, 738 S.W.2d 510, 512 (Mo.App.1987).

Secondly, a trial judge has wide latitude in ruling on whether to admit or exclude evidence and discretion to determine the materiality and relevancy of evidence. *State v. Clark*, 711 S.W.2d 928, 932 (Mo. App.1986). The trial court is in the best position to evaluate whether the potential prejudice of relevant evidence outweighs the relevance. *State v. Kenley*, 693 S.W.2d 79, 81 (Mo. banc 1985), *cert. denied*, 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 900 (1986). The trial court is vested with broad

discretion in ruling questions of relevancy of evidence and, absent a clear showing of abuse of that discretion, the appellate court should not interfere with the trial court's ruling. *State v. Brown*, 718 S.W.2d 493, 493–94 (Mo. banc 1986). The ruling in this case to allow the victim to testify that she could not read or write was not an abuse of the trial court's authority in determining relevancy. The point is denied.

The judgment is affirmed.

All concur.