STATE of Missouri, Respondent,

v.

Charles SHALINE, Appellant.

Charles SHALINE, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 40871, WD 42446.

Missouri Court of Appeals,
Western District.

July 3, 1990.

Melinda K. Pendergraph, Columbia, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, C.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Appellant, Charles Shaline, appeals from his conviction, after trial by jury, for deviate sexual assault in the first degree. Appellant also seeks review of the denial of his Rule 29.15 motion. As is the standard for appellate review, the evidence is taken in the light most favorable to the verdict.

At the time of the crime for which appellant was convicted, September, 1987, appellant was living with his wife, Russcella Shaline, his five year old daughter, Nicole, and his two stepdaughters, J.P. and R.P. Russcella Shaline is the mother of J.P., who was fifteen years old at the time, and R.P., who was eighteen.

One day in September, 1987, J.P. was in her room when appellant came in, locked the door, and in spite of J.P.'s protests, had sexual intercourse with her and threatened to hurt her if she told anyone. Appellant had been doing this approximately once a week for about seven years. J.P. told her mother and her aunt, Fonda Kawski, about the incident.

R.P. testified at trial that appellant never had sex with her. The state impeached her testimony with a prior inconsistent statement where she stated to a detective that appellant had sexually abused her.

Russcella Shaline also testified at trial and said that neither J.P. or R.P. ever came to her and accused appellant of having sexual intercourse with them. Mrs. Shaline's testimony was impeached by the record from a previous juvenile proceeding where she admitted that she had stipulated that both J.P. and R.P. were sexually abused by appellant.

Fonda Kawski testified that J.P. told her that appellant had made sexual advances toward her and R.P. told her appellant had sex with her. Ms. Kawski also testified that R.P. talked to her at the courthouse after R.P. testified in the case at bar. R.P. told Ms. Kawski that she felt bad because she had lied when she testified.

In his first point, appellant argues that the trial court erred by allowing the state to call Fonda Kawski to testify in the state's case in chief despite appellant's objection that she had not been endorsed as a witness by the state. The state argues that Ms. Kawski was called as a rebuttal witness who was permitted to testify in the state's case in chief. The state further contends that appellant suffered no prejudice in that Ms. Kawski was endorsed as a witness by the defense.

First of all, the question of whether or not to apply sanctions and what sanctions to apply even when discovery is not timely given, are questions left to the sound discretion of the trial court. *State v. Skinner*, 734 S.W.2d 877, 885–86 (Mo.App. 1987). An appellate court will intervene only where a defendant demonstrates that the state's failure to make timely disclo-

sure resulted in fundamental unfairness. *Id.* at 886.

Additionally, the trial court has broad discretion to control the order of proof at trial, and, unless prejudice is shown, the trial court may permit the state, in its case in chief, to elicit evidence rebutting a defense upon which the defendant avowedly intends to rely. *State v. Cameron,* 604 S.W.2d 653, 658 (Mo.App.1980). The scope of rebuttal testimony lies within the control of the trial court and will be reversed only for an abuse of discretion. *State v. Leisure,* 749 S.W.2d 366, 380 (Mo. banc 1988).

Ms. Kawski was specifically allowed by the court as a rebuttal witness. Her testimony rebutted the testimony of R.P. that appellant had not had sex with her and the testimony of Russcella Shaline that her daughters had not come to her to accuse appellant of having sex with them. Ms. Kawski also testified that R.P. told her just that day, after R.P. testified at trial, that she had lied when she testified that appellant had not abused her.

Appellant now complains that Ms. Kawski gave additional testimony that had no purpose of rebuttal. On direct examination by the state Ms. Kawski did testify, without objection that it was beyond the scope of rebuttal, that she held a Bachelor's Degree in psychology, a Master's Degree in social psychology and a Master's Degree in human development in family life and that she had been a probation officer working extensively with juveniles. During cross examination, in direct response to questions put to her by the defense, Ms. Kawski stated that she did not think children of J.P.'s age lied about something as important as allegations of sexual abuse and that she did not think J.P. was lying. On redirect, without any objection as being beyond the scope of rebuttal or beyond the scope of cross examination, Ms. Kawski testified that she had advised Mrs. Shaline to go to family counseling and noted that in families where incestuous relationships exist, role reversals are typical between a female child and a mother. Ms. Kawski concluded that such a role reversal had occurred here,

in part because Mrs. Shaline was refusing to perform sexual acts required by appellant.

General rules of appellate review require an objection and proper request for relief as a predicate to examination on appeal of matters arising at trial. *State v. Evans,* 639 S.W.2d 820, 822 (Mo.1982). When error is not preserved for review, it may only be reviewed for plain error. In plain error review, the appellant bears the burden of demonstrating that the action of the trial court was not only erroneous, but that the error so substantially impacted upon his rights that manifest injustice or a miscarriage of justice will result if the error is left uncorrected. *State v. Hornbuckle,* 769 S.W.2d 89, 92–93 (Mo. banc 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989).

Appellant made no specific objection to the testimony of Ms. Kawski of which he now complains and further made no request for relief. It was not plain error for the trial court to admit the testimony of Ms. Kawski of which appellant complains. Ms. Kawski was endorsed by appellant as a witness, part of her complained of testimony was elicited by appellant and manifest injustice is not established.

In his second point, appellant argues that the trial court erred by allowing evidence that J.P.'s sister, R.P., had also been sexually abused by appellant.

Evidence of other crimes is competent to prove the crime charged when such evidence tends to establish motive, intent, absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, or identity of the person charged with the commission of the crime. *State v. Fraction,* 782 S.W.2d 764, 768 (Mo.App.1989). Evidence of other crimes should be admitted under one of these exceptions only when the prejudicial effect of the evidence is outweighed by its probative value. *State v. Mallett,* 732 S.W.2d 527, 534 (Mo. banc 1987), *cert. denied,* 484 U.S. 933, 108 S.Ct. 309, 98

L.Ed.2d 267 (1987). This balancing of prejudicial effect and probative value lies within the sound discretion of the trial court. *Id.*

Evidence of other crimes has been admitted to show a common scheme or plan in many cases that bear similarity to the case at bar. *See, State v. Erickson,* 793 S.W.2d 377. (Mo.App.1990); *State v. Taylor,* 735 S.W.2d 412 (Mo.App.1987); *State v. Muthofer,* 731 S.W.2d 504 (Mo.App.1987); *State v. Smith,* 694 S.W.2d 901 (Mo.App. 1985); *State v. Koster,* 684 S.W.2d 488 (Mo.App.1984); *State v. Dalton,* 587 S.W.2d 644 (Mo.App.1979).

█ Evidence that appellant sexually abused R.P. was admissible to show a common scheme or plan by appellant to sexually abuse his step-daughters who were only separated by two years in age. It was not an abuse of discretion for the trial court to admit this evidence.

In his third point, appellant argues that the trial court erred by allowing the state to use the record from a juvenile proceeding to impeach Russcella Shaline's trial testimony that appellant had not sexually abused her daughters.

█ The state is permitted to impeach its own witness by prior inconsistent statements provided that (1) the witness surprises the state with answers inconsistent with previous statements, and (2) the testimony at trial states facts which in effect make the witness a witness for the defense. *State v. Moutray,* 728 S.W.2d 256, 262 (Mo.App.1987).

█ At trial, Russcella Shaline testified that to her knowledge appellant had never sexually abused her daughters. The state then impeached Mrs. Shaline's testimony with the record from a previous juvenile proceeding where it was alleged that J.P. had been sexually abused by appellant and that Russcella Shaline failed to take appropriate action to prevent further abuse.

Appellant argues on appeal that Mrs. Shaline's position in the juvenile proceeding was in the nature of a plea of "Nolo contendre" and not a general admission. At trial, Mrs. Shaline admitted that she did not contest the allegations in the juvenile proceeding and further testified that she stipulated to the allegations.

The trial court did not err by allowing the state to use the record of the juvenile proceeding to impeach Russcella Shaline's trial testimony.

█ In his fourth point, appellant argues that the trial court erred in overruling his request for a mistrial when the prosecutor inquired about a prior arrest of Russcella Shaline.

During the state's direct examination of the victim, J.P., the prosecutor asked if a man named Buddy Gray, appellant's supervisor at work, ever transported her to the Law Enforcement Center. J.P. said that she had gone there with Buddy Gray to get her mother's keys so that she could feed her dogs and take her mother's medicine to her. The prosecutor then asked J.P. why her mother was there and J.P. responded "because she was tampering with a witness."

Defense counsel objected on relevancy grounds. The trial court sustained the objection and ordered the jury to disregard the answer. Defense counsel then asked for a mistrial, but the court denied the request.

During cross examination, J.P. testified that she called Buddy Gray sometime in February of 1988 and asked him to take her to the police department. During redirect the prosecutor again asked J.P. what her mother was doing at the Law Enforcement Center and J.P. again testified that she was there for tampering with a witness. Defense counsel objected and again asked for a mistrial. The prosecutor argued that he was going into matters covered on cross examination. The court sustained the objection, but again denied the request for mistrial.

█ Declaration of a mistrial is a drastic remedy, and the power of the trial court in this respect should be exercised only in extraordinary circumstances. *State v. Young,* 701 S.W.2d 429, 434 (Mo. banc

1985), *cert. denied,* 476 U.S. 1109, 106 S.Ct. 1959, 90 L.Ed.2d 367 (1986). Because the trial court has observed the incident giving rise to the request for a mistrial and it is in a better position than an appellate court to evaluate its prejudicial effect, appellate review extends only to determining whether as a matter of law, the trial court abused its discretion in refusing to declare a mistrial. *Id.* In addition, the trial court ordinarily acts within its discretion and cures error in the admission of evidence by withdrawing the improper evidence and instructing the jury to disregard it, rather than declaring a mistrial. *State v. Laws,* 668 S.W.2d 234, 238 (Mo.App.1984).

The record in the case at bar does not reflect extraordinary circumstances warranting the drastic remedy of a mistrial. The trial court did not abuse its discretion as a matter of law by refusing to declare a mistrial.

In his fifth point, appellant argues that the trial court abused its discretion in overruling his objection to testimony that the victim, J.P., had been taking birth control pills. Appellant argues that this evidence was irrelevant.

A trial judge has wide latitude in ruling on whether to admit or exclude evidence and discretion to determine the materiality and relevance of evidence. *State v. Hawkins,* 778 S.W.2d 780, 782 (Mo.App.1989). The trial court is in the best position to evaluate whether the potential prejudice of relevant evidence outweighs the relevance. *Id.* The trial court is vested with broad discretion in ruling questions of relevancy of evidence and, absent a clear showing of abuse of that discretion, the appellate court will not interfere with the trial court's ruling. *Id.* at 782–83.

The fact that J.P. had been taking birth control pills was relevant. It went to the credibility of her mother's testimony that she was not aware of any sexual abuse by appellant as well as J.P.'s own credibility in light of her testimony that appellant had been sexually abusing her for several years on a regular basis. The admission of this testimony was not error.

In his sixth and final point, appellant seeks review of the denial of his Rule 29.15 motion. Appellant argues that his motion counsel was ineffective for failing to amend his pro se 29.15 motion.

A post-conviction proceeding, and the appeal therefrom, are authorized by the rules of court, and generally cannot be used as a conduit to challenge the effectiveness of motion counsel. *Young v. State,* 770 S.W.2d 243, 245 (Mo. banc 1989); *Lingar v. State,* 766 S.W.2d 640, 641 (Mo. banc 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 258, 107 L.Ed.2d 207 (1989); *Johnson v. State,* 773 S.W.2d 239, 240 (Mo.App. 1989). However, review has been granted when the motion counsel's conduct is challenged as a violation of the rule and the motion was summarily dismissed without a hearing for procedural shortcomings. Compare, *Johnson v. State,* 773 S.W.2d at 240; *Grove v. State,* 772 S.W.2d 390, 392–93 (Mo.App.1989).

Generally, the cases in which a claim of ineffectiveness of motion counsel has been successful are those in which a pro se motion is summarily dismissed and motion counsel was found not to have actively participate in the proceedings on movant's behalf. *Luster v. State,* 785 S.W.2d 103, (Mo.App.1990); *Hirsch v. State,* 698 S.W.2d 604 (Mo.App.1985). It should also be noted that counsel is not automatically required to file an amended motion in every case. *Grove v. State,* 772 S.W.2d at 392. Rule 29.15(e) requires appointed counsel to file an amended motion when it is necessary; where the pro se motion does not state sufficient facts, fails to raise all grounds known to the movant, or is incomprehensible. *State v. Perez,* 768 S.W.2d 224, 228 (Mo.App.1989).

The record in the case at bar does not support a finding of any exception to the general rule that effectiveness of motion counsel is not cognizable on appeal. Appellant was not denied any protection established under Rule 29.15. Appellant's sixth point is denied.

The judgments of the trial court and the motion court are affirmed.

All concur.