**Lisa GILES, et al., Appellant,**

v.

**RIVERSIDE TRANSPORT, INC., et al., Respondent.**

No. WD 68378.

Missouri Court of Appeals, Western District.

Sept. 16, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 28, 2008.

Joseph Michael Backer, Kansas City, MO, for Appellants.

Keith Allan Cary, Monika Jenkins, Kansas City, MO, for Respondents.

Before JOSEPH M. ELLIS, P.J., JAMES E. WELSH and JOSEPH P. DANDURAND, JJ.

JOSEPH P. DANDURAND, Judge.

Lisa and Patrick Giles appeal the judgment after jury trial in favor of Riverside Transport, Inc. (Riverside Transport) and Rickie Licht. The eight points on appeal contend the trial court erred in: excluding evidence; refusing to allow a fourth amended petition; failing to strike a venireperson for cause; failing to allow an offer of proof; and failing to grant a new trial because the verdict was against the weight of the evidence. Cumulative error is also claimed. The points are denied, and the judgment of the trial court is affirmed.

## Facts

On April 25, 2001, Lisa Giles was driving her Ford Explorer westbound on Front Street in Kansas City. Rickie Licht was following Ms. Giles in a semi-truck. The truck was not pulling a trailer.

Mr. Licht came around a curve and saw traffic had slowed to a significant degree or stopped. A four car collision subsequently occurred where Mr. Licht's vehicle rear-ended Ms. Giles' vehicle, who in turn rear-ended the vehicle in front of her, who in turn rear-ended the vehicle in front of it. There was a dispute at trial regarding whether Ms. Giles rear-ended the vehicle in front of her before being rear-ended by Mr. Licht. Ms. Giles suffered injuries as a result of the accident.

Ms. Giles and her husband[1] filed a petition for damages on November 2, 2004, naming Riverside Transport as the defendant. Ms. Giles served her first discovery request on August 17, 2006. Riverside Transport had difficulties locating the requested discovery. These difficulties were caused by the fact that Mr. Licht left employment with the business in 2001 and the fact that the business was sold to new owners in 2004. Mr. Licht's personnel file was among the requested documents Riverside Transport could not locate. Ms. Giles received the file on January 8, 2007.

There was also some difficulty in taking Mr. Licht's deposition. He failed to show for the deposition scheduled for December 13, 2006. He was deposed on January 19, 2007. Riverside Transport's safety officer was deposed on February 1, 2007.

Ms. Giles filed a third amended petition on January 10, 2007. The petition alleged a simple claim of negligence against Mr. Licht and a claim of *respondeat superior* against Riverside Transport. It also alleged a claim of loss of consortium.

Ms. Giles' motion for leave to file a fourth amended petition was faxed to Riverside Transport on February 1, 2007. It was filed with the court on February 5, 2007. The fourth amended petition sought to add claims for negligent hiring, negligent supervision, negligent entrustment, and punitive damages. Riverside Transport filed its opposition to the fourth amended petition on February 15, 2007. The motion was denied on February 22, 2007.

The case was subsequently transferred to a second judge. Trial began March 5, 2007. Ms. Giles' second request for leave to file a fourth amended petition was denied the morning of trial. She repeated this request multiple times during the trial; her requests were denied. The jury found in favor of Riverside Transport. Judgment was entered accordingly.

1. Ms. Giles and her husband will be referred to as Ms. Giles throughout this opinion.

This appeal followed. Further facts will be set forth as necessary.

## Point I

■ In her first point on appeal, Ms. Giles claims the trial court erred in refusing to admit certain evidence. The evidence pertained to Mr. Licht lying on his employment application. It also pertained to whether Riverside Transport advised Mr. Licht to lie. Ms. Giles states that these lies were violations of the Federal Motor Carrier Regulations, which would expose Riverside Transport to punitive damages. She argues in her first point that this evidence goes directly to Mr. Licht's credibility and would expose his employer, Riverside Transport, to punitive damages.

■ "[A] trial judge has wide latitude in ruling on whether to admit or exclude evidence and discretion to determine the materiality and relevancy of evidence." *State v. Hawkins*, 778 S.W.2d 780, 782 (Mo.App. W.D.1989). "The trial court is in the best position to evaluate whether the potential prejudice of relevant evidence outweighs the relevance." *Id.* "The trial court is vested with broad discretion in ruling questions of relevancy of evidence and, absent a clear showing of abuse of that discretion, the appellate court should not interfere with the trial court's ruling." *Id.* at 782–83.

In essence, Ms. Giles complains that she was not able to question Mr. Licht about lying on his employment application. She asserts this information was admissible for two reasons: (1) to impeach Mr. Licht and (2) to impose punitive damages.

■ Ms. Giles fails to adequately argue her first basis. Her brief states: "The import of this information cannot be emphasized enough. First, the Court should have allowed this testimony simply to impeach the credibility of Licht." She cites *McHaffie v. Bunch*, 891 S.W.2d 822 (Mo. banc 1995). "In an appeal, the movant has the burden to establish error that warrants relief through adequate points and arguments. This burden shall not be shifted to the appellate court." *State ex rel. Greene County v. Barnett*, 231 S.W.3d 854, 858 (Mo.App. S.D.2007).

■ Moreover, her argument fails. Ms. Giles called Mr. Licht as her first witness. She now argues she should have been able to use evidence of him lying on his employment application, which was irrelevant to the claims before the jury, to impeach him. "A party calling an adverse party as a witness may contradict that person's testimony, but may not directly impeach the witness' credibility, except with the witness' prior inconsistent statements." *Waters v. Barbe*, 812 S.W.2d 753, 757 (Mo.App. W.D.1991) (citation omitted). A second exception is that a witness' prior criminal convictions may also be used to impeach witness credibility. *See* § 491.050; *Love v. Baum*, 806 S.W.2d 72, 74 (Mo.App. W.D.1991). "Impeachment means an attack on a witness' general credibility, whereas contradiction means an attack on the accuracy of a witness' testimony and, unlike impeachment, usually adds factual evidence." *Waters*, 812 S.W.2d at 757. Ms. Giles was not cross-examining Mr. Licht. His lying on an employment application, an act unrelated to the substantive claims before the jury, was not proper impeachment. Ms. Giles has provided no facts or argument suggesting otherwise.

■ Ms. Giles second basis is also unavailing. Again, Ms. Giles fails to adequately argue that punitive damages should have been submitted. Even had she properly briefed her claim, however, it would fail. "[I]t is fundamental that a determination of liability is a prerequisite

to a finding of damages, such that an award of damages cannot survive independent of the accompanying determination of liability." *Parshall v. Buetzer*, 121 S.W.3d 548, 554 (Mo.App. W.D.2003). "A plaintiff must prevail on his or her underlying claim to submit punitive damages to the jury." *Kelly v. State Farm Mut. Auto. Ins. Co.*, 218 S.W.3d 517, 526 (Mo.App. W.D.2007) (citation and quotation marks omitted). The jury found in favor of Riverside Transport. Mr. Licht's alleged lies were not relevant to the issue of liability for the accident; they occurred prior in time to the accident. They would not have impacted plaintiffs' substantive claim of negligence. As Ms. Giles did not prevail on her claim of error regarding the court's refusal to allow the filing of the fourth amended petition to assert a claim for punitive damages, her argument of error is misplaced. *See Embree v. Norfolk & W. Ry. Co.*, 907 S.W.2d 319, 326–27 (Mo.App. E.D.1995)(holding that even assuming that trial court erred in denying instruction regarding damages for aggravation of preexisting condition, error was harmless where jury found no liability on substantive claim).

Finally, Ms. Giles focuses upon whether leave should have been granted to file a fourth amended petition. This is more properly discussed in the second point as that is where it is identified as an issue on appeal. *See Schmidt v. Warner*, 955 S.W.2d 577, 583 (Mo.App. S.D.1997)("The questions for decision on appeal are those stated in the points relied on; a question not there presented will be considered abandoned.").

The point is denied.

## Point II

■ In her second point, Ms. Giles clams the trial court erred in refusing to allow the fourth amended petition. Ms.

Giles asserts that she did not learn of Mr. Licht's lies on his employment application and Riverside Motors' involvement until she received Mr. Licht's personnel file and until she was able to depose Mr. Licht and Riverside Motors' safety officer. The fourth amended petition added claims for negligent entrustment, negligent hiring, negligent supervision, and punitive damages, based on the new information. Ms. Giles argues she attempted to amend the petition as soon as she learned of the lies on the employment application. She maintains her amendment was not untimely and the delay was the result of Riverside Motors' failure to comply with discovery requests. She concludes it was error to not allow the fourth amended petition, as it prevented her from seeking punitive damages and her claims of negligent entrustment, negligent hiring, and negligent supervision.

■ Rule 55.33(a) provides that a pleading may be amended by leave of court and that such leave shall be freely given when justice so requires. *Woods v. Friendly Ford, Inc.*, 248 S.W.3d 665, 677 (Mo.App. S.D.2008). "The right to amend a pleading, however, is not absolute." *Id.* (quoting *Dueker v. Gill*, 175 S.W.3d 662, 671 (Mo.App. S.D.2005)). The following factors should be considered in determining whether to allow leave to amend a petition:

> "(1) hardship to the moving party if leave is not granted; (2) reasons for failure to include any new matter in earlier pleadings; (3) timeliness of the application; (4) whether an amendment could cure the inadequacy of the moving party's pleading; and (5) injustice resulting to the party opposing the motion, should it be granted."

*Id.* (quoting *Dueker*, 175 S.W.3d at 671).

■ "Whether to allow amendment of pleadings is a matter primarily within the sound discretion of the trial judge

whose ruling will not be disturbed absent obvious abuse of that discretion." *Woods v. Friendly Ford, Inc.*, 248 S.W.3d 699, 710, (Mo.App. S.D.2008) (citation and quotation marks omitted). "In this context, the denial of an amendment is presumed correct and the burden is on the proponent to show that the trial court clearly and palpably abused its discretion." *Dueker*, 175 S.W.3d at 671 (citation and quotation marks omitted). "Judicial discretion is abused when a ruling is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.* (citation and quotation marks omitted). "The determination of whether a circuit court abused its discretion in denying leave to amend is best measured in terms of whether justice is furthered or subverted by the course taken." *Id.* (citation and quotation marks omitted).

Riverside Transport was not timely in responding to discovery. The delay was caused by a change in ownership of the business, the off-site storage of documents, and inability to locate Mr. Licht. Ms. Giles sought to amend the petition as soon as she received Mr. Licht's personnel file and deposed both him and the safety officer.

While the discovery issues weigh heavily in favor of Ms. Giles, she has not demonstrated that the trial court abused its discretion in failing to allow the fourth amended petition. Ms. Giles filed her initial petition in November 2004. She did not initiate discovery until August 2006. She filed a second amended petition; she filed a third amended petition in January 2007. Trial was scheduled to begin March 5, 2007. She sought to file her fourth amended motion on February 5, 2007. Riverside Transport responded on February 15, 2007, a mere two weeks before trial.

In addition, Ms. Giles has not alleged or demonstrated that she requested a continuance in trial date or that she was prevented from dismissing her claim and refiling to include all claims. It is also significant that the fourth amended petition sought to add three new claims and punitive damages. "The recognized purpose of allowing amendments to pleadings is to allow a party to present evidence that was overlooked or unknown when the original pleading was filed without changing the original cause of action." *Id.* (citation and quotation marks omitted). Given all this and the earlier discussed fact that the jury found in favor of defendants on the issue of liability, Ms. Giles suffered no prejudice, and the trial court did not clearly and palpably abuse its discretion.

The point is denied.

## Point III

In her third point, Ms. Giles claims the trial court erred in refusing to submit punitive damages to the jury. She claims such damages were warranted by the information pertaining to Mr. Licht's lies on his employment application and Riverside Transport's involvement.

Ms. Giles has failed to argue this point. Instead, she states that her "arguments on this point are adequately addressed in the previous point on appeal." Further, she adopts and incorporates her "entire previous point as though set forth in full herein." "In an appeal, the movant has the burden to establish error that warrants relief through adequate points and arguments. This burden shall not be shifted to the appellate court." *State ex rel. Greene County v. Barnett*, 231 S.W.3d 854, 858 (Mo.App. S.D.2007). As Ms. Giles has failed to argue her third point as a claim of error distinct from her first two points, it will not be considered. *See Boswell v. Steel Haulers, Inc.*, 670 S.W.2d 906, 912 (Mo.App. W.D.1984)("As to this point, respondent has provided this court with one-half page of argument in its brief and has

cited no authority or rationale to support the contention. We deem the point abandoned.").

■ Ms. Giles attempts to present an argument in her reply brief. It is essentially a summary of her first point. Moreover, "[a]ppellate courts are generally precluded from addressing assertions made for the first time in a reply brief because a respondent has no opportunity to address the argument." *Coyne v. Coyne*, 17 S.W.3d 904, 906 (Mo.App. E.D.2000).

The point is denied.

### Point IV

In her fourth point on appeal, Ms. Giles claims the trial court erred in failing to strike for cause venireperson number seventeen. She claims venireperson seventeen demonstrated she could not be fair and impartial. Ms. Giles also makes several other assertions about venireperson seventeen in her argument section. As they are not identified in her point relied on, they will not be addressed. *Sexton v. Omaha Prop. & Cas. Ins. Co.*, 231 S.W.3d 844, 846 n. 2 (Mo.App. S.D.2007)("Arguments raised in the argument portion of the brief only and not included in the point relied on are not preserved for appeal.").

■ After the trial court failed to strike venireperson seventeen for cause, Ms. Giles used one of her peremptory strikes for venireperson seventeen.[2] Thus, venireperson seventeen was not a member of the jury that heard Ms. Giles' claims. " 'A civil litigant does not have a right to a new trial if the trial judge requires him or her to use a peremptory challenge to remove a juror who should have been removed for cause.' " *Allen v. Grebe*, 950 S.W.2d 563, 565 (Mo.App. S.D.1997)(quot-

ing *Rodgers v. Jackson County Orthopedics, Inc.*, 904 S.W.2d 385, 389 (Mo.App. W.D.1995)). " '[T]he mere fact that a litigant, civil or criminal, was erroneously required to use a peremptory strike to remove a juror who should have been stricken for cause does not require grant of a new trial, so long as all 12 jurors who in fact sat on the jury were qualified.' " *Id.* (quoting *Rodgers*, 904 S.W.2d at 389); *see also Edley v. O'Brien*, 918 S.W.2d 898, 902 (Mo.App. S.D.1996)("[A] litigant in a civil case does not have a right to a new trial because he or she was required to exercise a peremptory challenge to remove a prospective juror who should have been removed for cause. So long as an unqualified juror who was not removed based on a proper challenge for cause does not serve in a civil case, there is no reversible error."). As Ms. Giles complains only about venireperson seventeen in her point relied on, and said venireperson did not serve on the jury, her point is without merit.

The point is denied.

### Point V

■ In her fifth point on appeal, Ms. Giles claims the trial court erred in refusing to allow her to present an offer of proof from Brian Sodders. Mr. Sodders is the safety officer for Riverside Transport. Ms. Giles states her offer would have pertained to Mr. Licht lying on his application and whether Riverside Transport should have hired Mr. Licht.[3]

■ "[A] litigant who complains about the exclusion of evidence should invariably make an offer of proof, both to inform the trial court about the content of the proffered evidence and to allow an appellate court to assess the prejudicial effect of the exclusion." *McAllister v.*

---

**2.** Riverside Transport asserts in its brief that Ms. Giles did not use a peremptory strike to remove venireperson seventeen from the jury. The transcript shows that this is incorrect.

Ms. Giles did indeed use a peremptory strike on venireperson seventeen.

**3.** Ms. Giles' point states that the trial court erred in refusing to allow an offer of proof.

*McAllister,* 101 S.W.3d 287, 291 (Mo.App. E.D.2003) (citation and quotation marks omitted). The proponent of evidence bears the burden of making an offer of proof. *Vehlewald v. Vehlewald,* 853 S.W.2d 944, 954 (Mo.App. E.D.1993).

After examining Mr. Sodders, Ms. Giles' counsel again requested leave to file the fourth amended petition and stated he would like to make an offer of proof. The court stated: "Okay, let the record reflect that the motion is overruled. And at a convenient time, since he's here anyway, we'll put him on so you can make your offer of proof." After cross-examination, Ms. Giles' counsel again requested an offer of proof, and the court stated it would be made at a later time. The trial court dismissed the jury at 5:00 p.m. that day. After the jury was dismissed for the day, the trial court heard an offer of proof for Mr. Licht. The court stated that it would hear Mr. Licht's offer of proof then and "then we'll make the remaining offer of proof tomorrow with Mr. Sodders."

Ms. Giles' request occurred on the third day of the four day trial. After Mr. Sodders testified, Ms. Giles called four additional witnesses. The request to make the offer of proof for Mr. Sodders was never repeated. Offers of proof were made for two other witnesses, however. The trial court did not refuse to allow an offer of proof from Mr. Sodders. The court simply indicated that it should be made at a later time convenient to the court. Ms. Giles did not satisfy her burden of making an offer of proof as she failed to repeat her request before the case was submitted to the jury.

The point is denied.

## Point VI

■■■■ In her sixth point on appeal, Ms. Giles claims the trial court erred in refusing to hold an evidentiary hearing on her motion for a new trial. She claims she had been in contact with the court's administrative assistant and was attempting to schedule a hearing when the court denied her motion. She also complains that the trial court refused to set aside its denial of her motion for a new trial when she brought her attempts to schedule a hearing to its attention.

■■■ Ms. Giles cites absolutely no authority in support of her contention. She provides no legal precedent that an evidentiary hearing is required. "Points are considered abandoned where contentions are supported by argument consisting of mere conclusions." *Rainey v. Express Med. Transporters, Inc.,* 254 S.W.3d 905, 908 (Mo.App. E.D.2008). Failure to cite legal authority in support of her point preserves nothing for review.[4] *Id.*

Moreover, the court never formally denied a hearing. Instead, it denied the motion while Ms. Giles was in the process of trying to schedule a hearing. Ms. Giles never requested a hearing in her motion or reply brief. Finally, Ms. Giles has not indicated what she would have argued or how she was prejudiced.

The point is denied.

While her argument contains some complaint about the timing of the proposed offer, this court will address only the issue identified in her point relied on. *See, e.g., Sexton v. Omaha Prop. & Cas. Ins. Co.,* 231 S.W.3d 844, 846 n. 2 (Mo.App. S.D.2007).

4. This court's independent research failed to disclose any requirement that a trial court hold an evidentiary hearing before denying a motion for new trial. There is a requirement that a hearing be held before a motion for new trial is granted. *See, e.g., Knothe v. Belcher,* 691 S.W.2d 297, 299 (Mo.App. W.D.1985)(holding that an evidentiary hearing on a motion for new trial should be granted where a hearing was requested); *Howe v. Bowman,* 429 S.W.2d 339, 342 (Mo.App.1968)(holding it was error to grant a motion for new trial without giving the other party an opportunity to be heard as to the

## Point VII

In her seventh point on appeal, Ms. Giles claims the jury's verdict was against the weight of the evidence. She notes that she and Mr. Licht were the only two witnesses to testify how the accident happened. She testified that Mr. Licht struck her from behind, and Mr. Licht testified that he did not see Ms. Giles hit the vehicle in front of her before he struck her from behind. Ms. Giles also states that she suffered $4,400 in lost wages, $13,000 in past medical expenses, and $150,000 in future medical expenses. Because of this, she concludes the verdict was "obviously the result of passion and prejudice." Accordingly, she asserts it was error for the trial court to deny her a new trial.

 "Because the plaintiff has the burden of proof, a verdict in defendant's favor need not be supported by any evidence." *Warren v. Thompson*, 862 S.W.2d 513, 514 (Mo.App. W.D.1993). "Therefore, the evidence need not be recounted because the sufficiency of the evidence to support a defendant's verdict is not a question amenable to appellate review." *Id.* "[W]eighing evidence remains a trial court function." *Id.* "An appellate court cannot rule on the weight of the evidence in a jury-tried case." *Id.* "The plaintiff bears the burden to prove that the defendant was negligent and that the injuries directly resulted from the defendant's negligence." *Id.* "The jury determines credibility." *Id.* "The trial court alone has discretion to grant or deny a motion for new trial on the ground that the verdict was against the weight of the evidence." *Id.* "The trial court's overruling a motion for new trial on that ground constitutes a conclusive determination that cannot be overturned on appeal." *Id.* Ms. Giles' point is without merit.

The point is denied.

## Point VIII

In her eighth point on appeal, Ms. Giles claims she was deprived of a fair trial due to the cumulative effect of the errors complained of in her first seven points. As she has failed to persuasively identify any error during the trial, the point must fail.

The point is denied.

## Conclusion

Ms. Giles' points are denied, and the judgment of the trial court is affirmed.

All concur.

propriety of the order). This is not such a case.