Glenda F. DICKENS, Employee–
Appellant,

v.

HANNAH'S ENTERPRISES, INC.,
d/b/a Hannah's General Store,
Employer–Respondent.

No. SD 31237.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 25, 2012.

Joseph Easter, Springfield, MO, for Appellant.

Patricia L. Musick, Springfield, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Presiding Judge.

Glenda F. Dickens ("Dickens") appeals a unanimous order of the Labor and Industrial Relations Commission ("Commission") dismissing her Application for Review of a decision by an administrative law judge ("ALJ") that denied her compensation. The order dismissed Dickens' Application for Review because it "failed to state specifically the reason [Dickens] believes the findings and conclusion of the [ALJ] on the controlling issues are not supported[ ]" as required by 8 C.S.R. 20–3.030(3)(A). We affirm the Commission's order.

### Facts and Procedural Background

On July 20, 2009, Dickens filed a claim for workers' compensation against her employer, Hannah's Enterprises, Inc., d/b/a Hannah's General Store ("Hannah's"). In her claim, Dickens alleged that she injured her back on January 26, 2009, when she "slipped on a patch of ice on the sidewalk" in the course and scope of her employment with Hannah's. In its answer, Hannah's denied the claim and included an affirmative defense that Dickens failed to give timely notice of her alleged injury.

On November 23, 2010, an ALJ conducted a hearing and received evidence on Dickens' claim.

On January 12, 2011, the ALJ issued "Findings of Fact and Rulings of Law" that denied Dickens workers' compensation benefits for her claimed injury. The ALJ specifically found and ruled:

After consideration and review of the evidence, and recognizing the conflict existing between [Dickens'] trial testimony and the statements she made to two health care providers, as well as the conflict existing between her trial testimony and the testimony of [four witnesses], I resolve the differences in testimony in favor of [the four witnesses], who I find credible. I do not find [Dickens] credible. I do not accept as true that she sustained an injury on January 26, 2009. [Dickens] failed to sustain her burden of proof. The Claim for Compensation is denied.

On January 31, 2011, Dickens filed her "Application for Review" ("Application") by the Commission of the ALJ's decision. In the Application, Dickens stated she wanted to file a brief and present oral argument.[1]

On February 10, 2011, Hannah's filed a motion to dismiss Dickens' Application because the Application failed to comply with 8 C.S.R. 20–3.030(3)(A). On February 22, 2011, the Commission entered a unanimous order granting Hannah's motion and dismissing Dickens' Application. After setting out the text of 8 C.S.R. 20–3.030(3)(A), the order stated:

The [ALJ] denied compensation after finding that [Dickens] failed to prove she sustained an accident. The [ALJ] reached this conclusion because he found [Dickens'] description of the occurrence of the accident was not credible. None of [Dickens'] allegations of error challenge the [ALJ]'s finding that [Dickens]

1. The Application stated:
   1. The poster requirement was admittedly not met by [Hannah's] in the case at issue as required by RSMo. § [ ]287.127.
   2. That no evidence was presented that the injury occurred anywhere other than at the location [Dickens] testified it occurred.
   3. That the injury occurred anywhere but where [Dickens] said it occurred.
   4. That [Hannah's] medical doctor affirmed the timeframe [sic] of the injury as testified to by [Dickens].
   5. The decision to deny benefits to [Dickens] was not supported by competent and substantial evidence.

was not credible. In fact, none of [Dickens'] allegations of error identify *any* finding of the [ALJ] with which [Dickens] disagrees. [Dickens] has failed to state specifically the reason she believes the findings and conclusion of the [ALJ] on the controlling issues are not supported.

[Hannah's] motion is granted. We dismiss the Application for Review.

On March 23, 2011, Dickens appealed the Commission's order dismissing her Application. However, Dickens does not raise in her appeal any issue related to the Commission's dismissal of her Application. Instead, Dickens asserts the Commission committed substantive errors based on the fundamentally incorrect premise that the Commission "adopt[ed]" the ALJ's decision, and asks this Court to examine the merits of the ALJ's award.

■ Dickens sets forth her claimed substantive errors in two points relied on; both points fail to comply with Rule 84.04(d)(2)[2] and are multifarious.[3] Dickens' second point is indecipherable even after careful consideration of the argument portion of Dickens' brief and oral argument.[4]

The issue for our determination is whether Dickens presents any basis to review the order of the Commission dismissing her Application.

### Standard of Review

■ As set forth in article V, section 18 of the Missouri Constitution, judicial review of the Commission's award is a determination of whether the award is "supported by competent and substantial evidence upon the whole record." *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222 (Mo. banc 2003). Section 287.495.1 grants this Court "jurisdiction" to review "all decisions of the commission," authorizes an appeal to this Court from "[t]he final award of the commis-

---

2. Unless otherwise specified, all rule references are to Missouri Court Rules (2011). All references to statutes are to RSMo 2000, unless otherwise indicated.

3. Appellant's points relied on read:

   I.
   AN EMPLOYER CANNOT CLAIM LACK OF NOTICE OF INJURY WITHIN THIRTY DAYS AS SPECIFIED BY STATUTE WHEN THE EMPLOYER FIRST FAILS IN THEIR DUTY TO POST THE EMPLOYEE RIGHTS AND RESPONSIBILITIES INFORMATION ALSO REQUIRED BY STATUTE, AND THEREFORE ALSO IS NOT PREJUDICED.

   II.
   THIS COURT SHOULD CONSIDER [DICKENS]' CLAIMS AS TO A LACK OF REMEDY AND THE ARGUMENTS UNDERLYING THE STATUTORY ISSUES.

4. We would be justified in denying Dickens' points solely because the points fail to comply with Rule 84.04 (*see Prather v. City of Carl Junction*, 345 S.W.3d 261, 264–65 (Mo.App. S.D.2011); *Boyd v. Boyd*, 134 S.W.3d 820, 823 (Mo.App. W.D.2004)), but choose to gra-

tuitously provide limited review in this opinion.

We also note Hannah's has filed a motion to dismiss the appeal for lack of "appellate jurisdiction." We "have general appellate jurisdiction in all cases except those within the exclusive jurisdiction of the supreme court" under article V, section 3 of the Missouri Constitution. Thus, we have subject matter jurisdiction of this appeal and Hannah's motion is overruled. *See also Foster v. Division of Employment Security*, 360 S.W.3d 851, 852–54, (Mo.App. W.D.2011) (discussing jurisdiction and statutory authority in the context of an appeal under § 288.210, which is similar to § 287.495.1). We also have statutory authority under § 287.495.1 to review "all decisions of the commission" on the ground the "commission acted without or in excess of its powers." *See Wilkey v. Ozark Care Center Partners, L.L.C.*, 236 S.W.3d 101, 102–03 (Mo.App. S.D.2007). However, as explained in our opinion, we do not have statutory authority to review the specific claims of error made by Dickens in this appeal, and deny her claims on that basis.

sion," and provides that this Court shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award only on the following grounds:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award; [and]

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

§ 287.495.1; *Hampton*, 121 S.W.3d at 222. We review questions of law *de novo*, and defer to the Commission on issues involving the credibility of witnesses and the weight to be given to their testimony. *Sell v. Ozarks Med. Ctr.*, 333 S.W.3d 498, 506 (Mo.App. S.D.2011).

## Analysis

■ Under section 287.495.1, we review the findings of the Commission, not the ALJ. The Commission's findings include findings of the ALJ that the Commission incorporates into its findings. *Clayton v. Langco Tool & Plastics, Inc.*, 221 S.W.3d 490, 491 (Mo.App. S.D.2007).

■ In this case, the Commission made no findings. It dismissed Dickens' Application and did not adopt the ALJ's decision or otherwise render a decision on

the merits of Dickens' claim. As a result, there is no award of the Commission for us to review. Rather, the only decision of the Commission we are authorized to review is the Commission's decision to dismiss Dickens' Application, and the only authorized ground for review of that decision is whether "the commission acted without or in excess of its powers[ ]" in making the decision. *Wilkey v. Ozark Care Center Partners, L.L.C.*, 236 S.W.3d 101, 102–03 (Mo.App. S.D.2007).[5] Dickens did not raise this ground in this appeal; accordingly, she abandoned the ground. *Kabir v. Missouri Department of Social Services*, 845 S.W.2d 102, 102–03 (Mo.App. W.D. 1993); *Hall v. Jennings School District*, 133 S.W.3d 112, 114 n. 1 (Mo.App. E.D. 2004). In view of Dickens' abandonment of the only ground authorized for our review in this appeal, we deny Dickens' two points relied on and affirm the Commission's dismissal of Dickens' Application.

Dickens has the burden in this appeal to establish error that warrants relief. *Smith v. Smiley Container Corp.*, 997 S.W.2d 126, 132 (Mo.App. S.D.1999); *Giles v. Riverside Transport, Inc.*, 266 S.W.3d 290, 297 (Mo.App. W.D.2008). Dickens has failed to carry that burden.

Because Dickens does not present any issue on which to review the order of the Commission dismissing her Application for

---

**5.** Even had Dickens claimed the Commission exceeded its authority in dismissing her Application, we still would affirm the Commission's dismissal of the Application.

8 CSR 20–3.030(3)(A) (2003) provides:
An applicat[ion] for review of any final award, order or decision of the administrative law judge shall state specifically in the application the reason the applicant believes the findings and conclusions of the administrative law judge on the controlling issues are not properly supported. It shall not be sufficient merely to state that the

decision of the administrative law judge on any particular issue is not supported by competent and substantial evidence.
The law is well settled that the Commission had the authority to enact 8 C.S.R. 20–3.030(3)(A), and has the authority to enforce the regulation by dismissing an application for review that fails to comply with the regulation. *Taluc v. Trans World Airlines*, 34 S.W.3d 831, 833–34 (Mo.App. E.D.2000); *see also Jones v. Lico Steel*, 280 S.W.3d 713 (Mo. App. W.D.2009); *Wilkey*, 236 S.W.3d at 103; *Smith*, 997 S.W.2d at 126.

Review, we affirm the order of the Commission.

BARNEY and BATES, JJ., Concur.