In the Missouri Court of Appeals
 Eastern District
 DIVISION ONE

LINDA MILLER, ) No. ED109432
 )
 Appellant, ) Appeal from the Labor and
 ) Industrial Relations Commission
vs. )
 )
HENNIGES AUTOMOTIVE SEALING )
SYSTEMS NORTH AMERICA, INC., )
 )
TRAVELERS INDEMNITY COMPANY )
OF AMERICA, )
 )
and )
 )
TREASURER OF MISSOURI AS )
CUSTODIAN OF THE SECOND )
INJURY FUND, )
 )
 Respondents. ) FILED: September 14, 2021

 Introduction

 Linda Miller (“Miller”) appeals from the decision of the Labor and Industrial Relations

Commission (the “Commission”) granting the Second Injury Fund’s (“SIF’s”) motion to dismiss

Miller’s Application for Review (“AFR”) of two awards made by an administrative law judge

(“ALJ”) on Miller’s claims against the Respondents. Miller raises one point on appeal. Miller

claims the Commission acted without or in excess of its power when it granted the SIF’s motion

to dismiss. The SIF challenged the AFR claiming that it did not comply with the requirements of
8 C.S.R. 20-3.030(3)(A)1 because the AFR summarily stated that the awards of the ALJ were not

supported by competent and substantial evidence without providing the specificity required to

explain why the ALJ’s awards were wrong. Because Miller specifically stated the reasons she

maintains the findings and conclusions of the ALJ were not properly supported by the evidence,

the Commission erred in granting the SIF’s motion to dismiss the AFR. Accordingly, we reverse

the Commission’s decision and remand to the Commission to continue proceedings consistent

with this opinion.

 Factual and Procedural History

 Miller brought her workers’ compensation claims for two work-related injuries, which

were consolidated for a hearing before an ALJ on October 19, 2019. The first claim involved an

acute injury to the cervical and thoracic spine occurring in August 2015. The second claim was

for a bilateral, upper-extremity injury caused by occupational disease through January 1, 2016.

The ALJ issued final awards finding the 2015 injury was not compensable and awarding

permanent partial disability benefits against the employer for the 2016 injury. The ALJ awarded

no benefits from the SIF in either claim.

 Miller filed an AFR with the Commission in which she alleged the ALJ’s awards were

not supported by competent and substantial evidence. More specifically, Miller reasoned that the

ALJ misapplied the restrictions placed on her by Dr. Raymond Cohen (“Dr. Cohen”). Miller’s

AFR noted that Dr. Cohen corrected his initial report by clarifying “that the bilateral upper

extremity restrictions are attributable to the 2016 occupational disease injury and not, the 2015

injury by accident.” Miller claims that in the awards for the 2015 injury and 2016 injury, the

ALJ, improperly “ignor[ed] the addendum and deposition of Dr. Cohen”.

1
 All Code of State Regulations references are to 8 C.S.R. 20-3.030 (Oct. 30, 2019).

 2
 Henniges Automotive Sealing Systems North America, Inc. (“Henniges”), Miller’s

employer, filed an answer in response to Miller’s AFR. Miller filed her brief and a motion to

submit additional evidence regarding her AFR. The SIF then moved the Commission to dismiss

the AFR because it did not satisfy the pleading requirements of 8 C.S.R. 20-3.030(3)(A). Miller

filed responsive briefing and Henniges submitted its response in support of the SIF’s motion to

dismiss. Miller and Henniges both requested oral argument before the Commission. On January

5, 2021, the Commission issued an order granting the SIF’s motion to dismiss, finding Miller’s

AFR failed to satisfy the minimum requirements pursuant to 8 C.S.R. 20-3.030(3)(A).

 Point on Appeal

 In Miller’s sole point on appeal, she claims the Commission acted without or in excess of

its power when granting the SIF’s motion to dismiss by finding that Miller’s AFR failed to

satisfy the minimum requirements of 8 C.S.R. 20-3.030(3)(A) in that the AFR sufficiently

specifies the reasons Miller asserts the findings and conclusions of the ALJ are not properly

supported.

 Standard of Review

 We may modify, reverse, remand or set aside the Commission’s decision on limited

grounds. Section 287.495.2 When the Commission dismisses an application for review, we

review only whether the Commission “acted without or in excess of its power.” Crawford v.

Ronald McDonald House Charities, 587 S.W.3d 696, 698 (Mo. App. S.D. 2019) (quoting

Dickens v. Hannah's Enters., Inc., 360 S.W.3d 910, 913 (Mo. App. S.D. 2012); Wilkey v. Ozark

Care Ctr. Partners, L.L.C., 236 S.W.3d 101, 103 (Mo. App. S.D. 2007)). The claimant bears the

burden to “establish error that warrants relief.” Id. at 699 (quoting Dickens, 360 S.W.3d at 913).

2
 All Section references are to RSMo (2016), unless otherwise indicated.

 3
 Discussion

 The Commission has the authority to enact and enforce procedural rules governing

review of ALJ decisions, including the rule at issue on appeal, 8 C.S.R. 20–3.030(3)(A). See

Taluc v. Trans World Airlines, 34 S.W.3d 831, 833 (Mo. App. E.D. 2000); Szydlowski v. Metro

Moving & Storage Co., 924 S.W.2d 325, 327 (Mo. App. E.D.1996); see also Mo. Nat’l Educ.

Ass’n v. Mo. State Bd. of Mediation, 695 S.W.2d 894, 897 (Mo. banc 1985) (holding “[r]ules of

a state administrative agency duly promulgated pursuant to properly delegated authority have the

force and effect of law and are binding upon the agency adopting them”). Missouri courts have

previously upheld 8 C.S.R. 20-3.030(3)(A) as a lawful exercise of the Commission’s authority to

promulgate rules. Crawford, 587 S.W.3d at 699 (internal citation omitted).

 Given our limited review of the motion to dismiss the AFR, we do not address the

substance of Miller’s claim that the ALJ misapplied the restrictions from Dr. Cohen. See id. at

698. Rather, we review the AFR to determine whether, consistent with the requirements of 8

C.S.R. 20-3.030(3)(A), Miller sufficiently specified her reasons as to how and why the ALJ

misapplied Dr. Cohen’s restrictions when issuing the awards. See id.

 Miller posits the Commission erred in granting the SIF’s motion to dismiss her AFR

because she complied with the plain language of 8 C.S.R. 20-3.030(3)(A) which provides:

 An applicant for review of any final award, order, or decision of the administrative
 law judge shall state specifically in the application the reason the applicant believes
 the findings and conclusions of the administrative law judge on the controlling
 issues are not properly supported. It shall not be sufficient merely to state that the
 decision of the administrative law judge on any particular issue is not supported by
 competent and substantial evidence. The allegations of error in an application for
 review are not an opportunity for early briefing, but rather serve to notify the
 commission and opposing parties of the nature of the issues that will be addressed
 on appeal. Accordingly, the application for review should not extend beyond a
 maximum of five (5) pages. The [C]ommission may decline to consider any portion
 of an application for review that extends beyond this page limitation.

 4
 We previously have held an AFR fails to meet the pleading requirements of 8 C.S.R. 20-

3.030(3)(A) when it “provides no specific allegation as to why the [ALJ] may have erred or how

the decision is not properly supported by evidence as required by the Commission’s rule.”

Taluc, 34 S.W.3d at 834. Additionally, other courts routinely have held that bare recitation of

the substantial-evidence standard in an AFR without specification does not comply with 8

C.S.R. 20-3.030(3)(A). See Crawford, 587 S.W.3d at 699–700 (holding that “a [claimant] must

state specifically why the ALJ’s decision was wrong”); Wilkey, 236 S.W.3d at 102 (finding a

claimant’s “‘reasons’ failed to specifically identify why the [ALJ’s] findings and conclusions

were not properly supported by the record that was before that judge”).

 Here, the Commission found Miller’s AFR to be insufficient because it “does not

specifically state the issues within the [ALJ’s] awards that she is appealing.” The Commission

seemingly bases its action on the coversheet of Miller’s AFR, which simply states that the

decision of the ALJ was “not supported by substantial evidence.” If Miller’s AFR was limited to

the coversheet, we would agree that the AFR was insufficient under 8 C.S.R. 20-3.030(3)(A).

See Crawford, 587 S.W.3d at 700 (quoting 8 C.S.R. 20-3.030(3)(A)) (noting the rule specifically

states “[i]t shall not be sufficient merely to state that the decision of the [ALJ] on any particular

issue is not supported by competent and substantial evidence” (alterations in original)).

 The Commission, however, allows for attached sheets to explain the claimant’s

reasoning. The coversheet, which is provided by the Commission, provides: “[t]he [ALJ’s]

award, decision or order is erroneous for the following specific reasons: . . . (You may attach

additional sheets).” On the cover page, Miller clearly writes “[s]ee attached sheets” on the form.

In those additional pages, Miller recounts with sufficient specificity the reasons why the ALJ’s

awards were erroneous.

 5
 In her AFR, Miller clearly bases her appeal on the ALJ’s misunderstanding and

misapplication of the restrictions Dr. Cohen placed on Miller following his examination of her.

The AFR plainly asserts in several places that the ALJ incorrectly associated the bilateral upper

extremity conditions to the 2015 injury instead of the 2016 injury. The AFR indicated that Dr.

Cohen had corrected himself to “make it clear that the bilateral upper extremity restrictions are

attributable to the 2016 occupational disease injury and not, the 2015 injury by accident.”

 Our review of the referenced “attached sheets” confirms that Miller explained her

reasoning for requesting review of the ALJ’s awards. Miller’s stated reasoning exceeds that of a

mere assertion that the decision of the ALJ was not supported by competent and substantial

evidence. To the contrary, in the attached sheets that form part of the AFR, Miller adequately

sets forth her challenge to the ALJ’s decision by going into detail about Dr. Cohen’s testimony

and why this testimony contributed to a lack of substantial evidence supporting the ALJ’s

awards. We do not address the merits of Miller’s claim, but are persuaded that the Commission

was not “left to speculate as to what part of the ALJ’s decision was disputed and why [Miller]

believed the ALJ's decision was unsupported by the evidence.” Crawford, 587 S.W.3d at 700.

 The record reveals that Miller’s AFR was not limited to a bare recital of the standard for

a substantial-evidence challenge as listed on the cover-sheet. Rather, Miller asserted that the

ALJ’s findings and conclusions are not properly supported because the ALJ misapplied the

restrictions that Dr. Cohen placed on her following her 2016 injury. Miller’s allegations

adequately comply with the Commission’s procedural rule 8 C.S.R. 20-3.030(3)(A).

Accordingly, the Commission erred in granting the SIF’s motion to dismiss. See Crawford, 587

S.W.3d at 698. The point on appeal is granted.

 6
 Conclusion

 The decision of the Commission is reversed. We remand to the Commission to overrule

the SIF’s motion to dismiss and proceed on Miller’s AFR consistent with this opinion.

 _______________________________
 KURT S. ODENWALD, Judge

Sherri B. Sullivan, C.J., concurs.
Kelly C. Broniec, J., concurs.

 7