Dick LAWSON, Employee/Respondent,

v.

CITY OF ST. LOUIS, Employer/Appellant.

No. 61682.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 20, 1992.

---

James J. Wilson, Edward J. Hanlon, St. Louis, for employer/appellant.

Robert H. Sihnhold, St. Louis, for employee/respondent.

AHRENS, Judge.

In this workers' compensation case, the City of St. Louis, employer, appeals from an order of the Labor and Industrial Relations Commission (Commission) dismissing employer's application for review of an administrative law judge's award. We reverse and remand.

Dick Lawson, employee, filed a claim with the Division of Workers' Compensation alleging he injured his left shoulder in the course of his regular employment. Following a hearing, the administrative law judge (ALJ) awarded employee compensation based on his finding that employee sustained a thirty percent permanent partial disability of the left arm at the biceps and a fifteen percent disability of the left arm at the shoulder.

Employer filed an application for review alleging:

The [ALJ] erred in finding and ordering permanent partial disability on the basis of two (2) levels of disability: 30% disability of the left arm at the biceps and 15% disability of the left arm at the shoulder.

Considering the nature of the injury, it should have been measured at either the shoulder level or the biceps, but not at both.

The [ALJ] further erred in finding that claimant sustained a disability of 30% as measured at the level of the left shoulder, irregardless [sic] of the above charged error.

Further the [ALJ] erred in discounting or ignoring the employer's evaluating physician's rating and allowing, if applicable, interest based on *Martin v. Mid-America Farm Lines, Inc.*, 769 S.W.2d 105 (Mo. banc 1989).

Employee filed a motion to dismiss employer's application for failure to comply with 8 CSR 20–3.030(3). Upon consideration of employee's motion, the Commission dismissed employer's application for review.

Although employer raises two points, we find its first point dispositive. In that point, employer contends the Commission erred in dismissing its application for review because employer's application complied with the requirements of 8 CSR 20–3.030(3)(A). That regulation provides:

An applicant for review of any final award, order or decision of the [ALJ] shall state specifically in the application the reason the applicant believes the findings and conclusions of the [ALJ] on the controlling issues are not properly supported. It shall not be sufficient merely to state that the decision of the [ALJ] on any particular issue is not supported by competent and substantial evidence.

8 CSR 20–3.030(3)(A).

The filing of an application for review is a necessary step in appealing an ALJ's award in a workers' compensation case. § 287.480 RSMo 1986; 8 CSR 20–3.030(1). "From the earliest cases involving workers' compensation, the right to appeal was recognized as wholly remedial." *Abrams v. Ohio Pacific Express*, 819 S.W.2d 338, 341 (Mo. banc 1991). "Cases should be heard and decided on their merits." *Id.* "To that

end, statutes and rules relating to appeals, being remedial, are to be construed liberally in favor of allowing appeals to proceed." *Id.* Accordingly, we review employer's application for review in light of a liberal construction of 8 CSR 20–3.030(3)(A).

Employee contends the Commission "has legally adopted a rule so that the reasons and basis for appeal from an [ALJ's award] must be plead with specificity so that all parties are apprised of the reasons for appeal and the legal basis for such appeal." We find the first and third assignments of error in employer's application for review sufficiently stated the specific reasons employer believed the ALJ's findings and conclusions on the controlling issues were not properly supported. Although the second assignment of error may be conclusory and lack the requisite specificity, we hold the first and third assignments of error complied with 8 CSR 20–3.030(3)(A). Therefore, the Commission erroneously dismissed employer's application for review.

The order dismissing employer's application for review is reversed. The cause is remanded to the Commission for further proceedings consistent with this opinion.

CRIST and REINHARD, JJ. concur.