Bobbie L. ISGRIGGS, Employee–Appellant,

v.

PACER INDUSTRIES, Employer–Respondent,

and

National Union Insurance c/o GAB, Insurer–Respondent,

the Treasurer of Missouri, Custodian of Second Injury Fund, Respondent.

No. 64344.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 25, 1994.

Robert A. Bedell, St. Louis, for employee-appellant.

Timothy Tierney, Evans & Dixon, St. Louis, for respondent.

CRANDALL, Presiding Judge.

Claimant, Bobbie L. Isgriggs appeals from an order from the Missouri Labor and Industrial Relations Commission (Commission) which dismissed claimant's application for review for failure to comply with 8 CSR 20–3.030(3). We reverse and remand.

Claimant filed a worker's compensation claim for injuries he sustained while an employee of Pacer Industries. The Administrative Law Judge found claimant to have sustained 60% permanent partial disability of the body as a whole and found the employer and insurer to be responsible for outstanding transportation and medical aid costs.

Claimant filed a timely application for review with the Commission which alleged:

1. That the Administrative Law Judge failed to find pre-existing industrial disability where competent and substantial evidence of disability was presented.

2. That the award of the Administrative Law Judge finding only permanent partial disability is against the weight of the evidence. Competent medical testimony indicated that the employee was permanently and totally disabled. . . .

On motion of defendant Pacer Industries, the Commission dismissed claimant's application for review for failure to comply with 8 CSR 20–3.030(3).

Claimant contends on appeal that the Commission erred in dismissing his application for review. He argues that the application complied with the requirements of 8 CSR 20–3.030(3)(A).

8 CSR 20–3.030(3)(A) states:

An applicant for review of any final award, order, or decision of the administrative law judge shall state specifically in the application the reason the applicant believes the findings and conclusions of the administrative law judge on the controlling issues are not properly supported. It shall not be sufficient merely to state that the decision of the administrative law judge on any particular issue is not supported by competent and substantial evidence.

An application for review is necessary in order to appeal an Administrative Law Judge's award in a worker's compensation case. § 287.480 RSMo 1986; 8 CSR 20–3.030(1). The right to appeal in worker's compensation cases is wholly remedial. *Abrams v. Ohio Pacific Express*, 819 S.W.2d 338, 341 (Mo. banc 1991). "Cases should be heard and decided on their merits. To that end, statutes and rules relating to appeals, being remedial, are to be construed liberally in favor of allowing appeals to proceed." *Id.* Accordingly we review claimant's application for review in light of a liberal construction of 8 CSR 20–3.030(3)(A). *See e.g. Lawson v. City of St. Louis*, 839 S.W.2d 47 (Mo.App. E.D.1992).

We find the second assignment of error in claimant's application for review, while not an exemplar of specificity, sufficiently stated the reason claimant believed the Administrative Law Judge's findings and conclusions on the controlling issues were not properly supported; the reason being that, "[c]ompetent medical testimony indicated that the employee was permanently and totally disabled." Claimant's application for review is sufficient to put the defendant on notice that an appeal has been requested and specifically states the reasons why claimant requests such an appeal. Although the first assignment of error ·may lack the required specificity, we hold that the second assignment of error complied with 8 CSR 20–3.030(3)(A). Therefore the Commission erroneously dismissed claimant's application for review. Claimant's point is granted.

The order dismissing claimant's application for review is reversed. The cause is remand-

ed to the Commission for further proceedings consistent with this opinion.

REINHARD and CRIST, JJ., concur.