James TALUC, Respondent,

v.

TRANS WORLD AIRLINES, Appellant,

and

Treasurer of the State of Missouri Custodian of the Second Injury Fund, Respondent.

No. ED 77794.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 21, 2000.

1. All further statutory references are to RSMo 1994 unless otherwise indicated.

Roberts, Perryman, Bomkamp & Meives, P.C., Ted L. Perryman, James D. Maschhoff, St. Louis, for appellant.

James J. Sievers, Clayton, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Trans World Airlines, ("TWA"), appeals from the decision of the Labor and Industrial Relations Commission, ("Commission"), unanimously dismissing its application for review for failure to comply with Rule 8 CSR 20–030(3)(A). We affirm.

On January 17, 1996, respondent, James Tulac, ("employee"), an employee of TWA, in the course of his employment, slipped on some grease at the rear of an aircraft and injured his left knee. On September 21, 1998, employee filed a workers' compensation claim against TWA and the Second injury fund.[1] A hearing was held on December 3, 1999. The administrative law judge awarded employee permanent and total disability benefits and found TWA liable for those benefits.

On February 25, 2000, TWA filed an application for review by the Commission. The application in its entirety stated as follows:

1. The Administrative Law Judge erred in his conclusion that the employee is permanently and totally disabled;

2. The Administrative Law Judge erred in his conclusion regarding Second Injury Fund liability;

3. The Administrative Law Judge erred in his award to the employee against the employer/insurer for unspecified future medical costs;

4. The employer, Trans World Airlines, Inc., requests the right to file a brief and to present oral arguments concerning the nature and extent of the

---

1. The Second Injury Fund is involved in this case because employee alleged previous injuries in his claims.

employee's permanent disability, Second Injury Fund liability for any such disability and the propriety of the award to the employee against the employer/insurer of unspecified future medical costs.

On March 1, 2000, employee filed a motion for hardship setting or in the alternative, a motion to dismiss the application for review pursuant to 8 CSR 20–3.040. On March 13, 2000, the Second Injury Fund moved to dismiss TWA's application because the application failed to comply with 8 CSR 20–3.030(3)(A). On March 23, 2000, the Commission ruled:

> Paragraph two of the application for review pertaining to the Second Injury Fund provides no specific allegation as to why the administrative law judge may have erred. The Second Injury Fund's motion to dismiss is granted.
>
> We further find that none of the paragraphs in the pleading are adequate to preserve an issue for review. There are no *specific* allegations as to how the findings and conclusions of the administrative law judge on any of the controlling issues are not properly supported. On our own motion, the Commission dismisses the entire Application for Review because it fails to comply with 8 CSR 20–3.030(3)(A). *See Smith v. Smiley Container Corp.,* 997 S.W.2d 126 (Mo. App.1999).
>
> Having dismissed the Application for Review in its entirety, employee's motion for hardship is moot.

TWA appeals the order of the Commission dismissing its application for review.

■ Appellate courts "review the decisions of the Commission, which are clearly interpretations or applications of law for correctness without deference to the Commission's judgment." *Tidwell v. Kloster Co.,* 8 S.W.3d 585, 588 (Mo.App. E.D.1999). "Findings of ultimate facts reached through application of rules of law, rather than by natural reasoning based on facts alone, are conclusions of law." *Id.* "Where the evidentiary facts are not disputed, the Commission's award becomes a question of law." *Id.*

■ TWA raises two points on appeal. It argues the Commission erred in dismissing its application for review because 1) its application was specific enough to comply with the Commission's rule; and 2) in the alternative, if its application was not specific enough to comply with the Commission's rule, then the sanctions imposed were too severe.

■ "Rules of a state administrative agency duly promulgated pursuant to properly delegated authority have the force and effect of law and are binding upon the agency adopting them." *Missouri Nat. Educ. v. Missouri State Bd.,* 695 S.W.2d 894, 897 (Mo.banc 1985). The Commission has the authority to enact Rule 8 CSR 20–3.030(3)(A), as well as, to enforce it. *Szydlowski v. Metro Moving & Storage Co.,* 924 S.W.2d 325, 327 (Mo.App. E.D.1996). Rule 8 CSR 20–3.030(3)(A), reads in relevant parts as follows:

> An applicant for review of any final award, order or decision of the administrative law judge shall state specifically in the application the reason the applicant believes the findings and conclusions of the administrative law judge on the controlling issues are not properly supported. It shall not be sufficient merely to state that the decision of the administrative law judge on any particular issue is not supported by competent and substantial evidence.

In *Smith v. Smiley Container Corp.,* 997 S.W.2d 126 (Mo.App. S.D.1999), the Court affirmed the Commission's dismissal of an application for review for failure to comply with Rule 8 CSR 20–3 .030(3)(A). In *Smith,* the employer sought review by the Commission of the administrative law judge's decision to award the employee workers' compensation benefits. *Id.* at 127. Employer's application for review, excluding its formal parts, read:

The undersigned hereby makes application to the Labor and Industrial Relations Commission of Missouri for a review by the full Commission of the Award on Hearing made by Associate Administrative Law Judge Lawrence Kasten in the above case issued on the 2nd day of December 1998. A copy of the Award is attached hereto for this Commissions [sic] review.

Specifically, Petitioner, Russell Stover Candies, submits that Judge Kasten's determinations regarding the nature and extent of the employee's injury(s) and the employee's permanent partial disability were not supported by substantial evidence.

Petitioner, Russell Stover Candies, hereby requests permission to file a brief and present an oral argument before this Commission at a later date.

*Id.* at 128.

On employee's motion, the Commission dismissed the application for review for failure to comply with Rule 8 CSR 20–3.030(3)(A). *Id.* at 127. On appeal, the employer argued that its application for review satisfied Rule 8 CSR 20–3.030(3)(A), because the application specified the employer was seeking review of the administrative law judge's determinations. *Id.* at 129. Thus, the employer argued there could be no confusion as to the portion of the award that it was challenging. *Id.*

The Court rejected the employer's argument and stated: "[t]he flaw in Employer's position is that 8 CSR 20–3.030(3)(A) requires more than simply identifying the findings upon which review is sought." *Id.* The Court further stated: "[t]he regulation requires an application for review to state specifically the reason the aggrieved party believes the findings and conclusions of the administrative law judge on the controlling issues are not properly supported." *Id.*

Similarly, TWA's application for review in this case failed to comply with the Commission's rule. TWA provides no specific allegation as to why the administrative law judge may have erred or how the decision is not properly supported by evidence as required by the Commission's rule. TWA assumes its conclusory allegations are enough to inform the Commission about the issues that it intends to raise on appeal. TWA's assumption implies the Commission already knows, or at least is able to figure out on its own, what it wishes to contest. Contrary to TWA's assumption, Rule 8 CSR 20–3.030(3)(a) requires applicants for review to specifically state the reason the applicant believes the findings and conclusions of the administrative law judge are not properly supported. Thus, the Commission did not err in dismissing the application because TWA failed to comply with the rule.

Furthermore, TWA argues in the alternative that even if its application for review was not specific enough to comply with the Commission's rule, then the sanctions imposed were too severe. However, TWA does not cite to any authority, which indicates that the rule gives the Commission the discretion to impose other sanctions other than dismissing the application for review. The Commission has both the authority to enact and enforce Rule 8 CSR 20–3.030(3)(A). Point denied.

Based on the foregoing, we affirm the decision of the Commission dismissing TWA's application for review.

CRAHAN and DRAPER, JJ., concur.