**Queen WILKEY, Respondent,**

v.

**OZARK CARE CENTER PARTNERS, L.L.C., Appellant.**

No. 28371.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 21, 2007.

Motion for Rehearing or Transfer to Supreme Court Denied Oct. 16, 2007.

Application for Transfer Denied Nov. 20, 2007.

Patrick M. Reidy, Monaco, Sanders, Gotfredson, Racine & Barber, L.C., Kansas City, for appellant.

Timothy M. McDuffey, Bergmanis & McDuffey, L.L.C., Camdenton, for Respondent.

JOHN E. PARRISH, Judge.

Ozark Care Center Partners, L.L.C., (Ozark) appeals an order of the Labor and Industrial Relations Commission (the commission) that dismissed Ozark's application for review of an administrative law judge's award determining that Queen Wilkey (employee) was totally disabled as a result of an injury employee sustained in an accident that occurred during the course and scope of employee's employment by Ozark. The administrative law judge found that although employee had disabilities pre-existing the work-related injury, the last in-

jury alone rendered employee permanently and totally disabled. This court affirms.

Ozark's application for review by the commission claimed the administrative law judge's award was erroneous for the following reasons.

The Award was against the weight of the credible evidence in its finding that the Employee's last injury rendered the Employee permanently and totally disabled; the Award was against the weight of the credible evidence in finding the Employee permanently and totally disabled.

Employee filed a motion to dismiss the application for review contending the application violated 8 CSR 20–3.030(3)(A) because "[t]he application for review filed by [Ozark] merely states that the Award is against the weight of the credible evidence. There is [sic] no supporting facts that indicate why the Administrative Law Judge's decision is erroneous."

The commission entered its order granting employee's motion stating:

On January 29, 2007[,] [Ozark] filed an Application for Review pursuant to section 287.480 RSMo.

On January 31, 2007, the employee filed a Motion to Dismiss the Application for Review because the application fails to comply with 8 CSR 20–3.030(3)(A).

That Rule provides as follows:

(4) An applicant for review of any final award, order or decision of the administrative law judge shall state specifically in the application the reason the applicant believes the findings and conclusions of the administrative law judge on the controlling issues are not properly supported. It shall not be sufficient merely to state that the decision of the administrative law judge on any particular issue is not supported by competent and substantial evidence.

The employee's motion is granted. We dismiss the Application for Review.

. . .

Ozark appeals the commission's dismissal of its application for review.

Ozark asserts one point on appeal. Ozark contends the commission "erred in dismissing [Ozark's] application [sic] for review in that said application for review sufficiently apprised the parties as to which issues employer believed were not supported by the evidence."

The "reasons" Ozark gave in its application for review as to why the administrative law judge's award was erroneous were that the two findings, *viz.*, that employee's last injury rendered her permanently and totally disabled and the finding that she was permanently and totally disabled, "was [sic] against the weight of the credible evidence." Ozark's "reasons" amounted to no more than statements that the decision of the administrative law judge, with respect to the two issues Ozark set forth as the bases for review, was not supported by competent and substantial evidence, a practice that 8 CSR 20–3.030(3)(A) expressly states is not sufficient. Ozark's "reasons" failed to specifically identify why the administrative law judge's findings and conclusions were not properly supported by the record that was before that judge.

This court reviews only questions of law in an appeal of an award of the commission. § 287.495.1, RSMo 2000. It will modify, reverse, remand for rehearing, or set aside an award only upon one of the following grounds.

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

*Id.*

The only ground for review in this appeal is whether the commission acted without or in excess of its power. The commission had authority and power to dismiss Ozark's application for review because of the failure of the "reasons" set forth in that application to comply with 8 CSR 20–3.030(3)(A). *Szydlowski v. Metro Moving & Storage Co.,* 924 S.W.2d 325, 327 (Mo. App.1996) ("Duly promulgated rules of a state administrative agency have the force and effect of law."). Ozark's point is denied. The award is affirmed.

BATES and SCOTT, JJ., concur.