Paul JONES, Respondent,

v.

LICO STEEL, Appellant,

**Treasurer of the State of Missouri—Custodian of the Second Injury Fund, Respondent.**

No. WD 69637.

Missouri Court of Appeals, Western District.

Feb. 10, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 31, 2009.

Application for Transfer Denied May 5, 2009.

James K. Blickhan, Kansas City, MO, for appellant.

Mark E. Kelly, Liberty, MO, for respondent Jones.

Maureen T. Shine, for respondent Treasurer of the State of Missouri—Custodian 2nd Injury Fund.

Before DIV II: DANDURAND, P.J., LOWENSTEIN and SMART, JJ.

HAROLD L. LOWENSTEIN, Judge.

Paul Jones, an employee of Lico Steel, was injured as a result of an accident in the workplace. His claim for workers' compensation was heard before an administrative law judge of the Division of Workers' Compensation ("the Division"). The Division found that Jones was permanently and totally disabled solely as a result of the March 10, 2004 accident and awarded Jones past and future medical benefits, disability benefits, and costs. Lico timely filed an application for review with the Labor and Industrial Relations Commission ("the Commission"). Lico asserted the ALJ's decision was erroneous because:

1. The evidence does not support a finding of an award of permanent total disability against the Employer and the Insurer based on the last accident alone. The finding of the Administrative Law Judge is contrary to the weight of the medical and expert opinions in evidence.

2. The evidence does not support an award of future medical as the Claimant is not entitled to future medical based on the expert and medical evidence.

3. The evidence does not support an award for past medical of $9,575.46.

4. The evidence and the law do not support an award of interest on past medical as found by the Administrative Law Judge.

Jones moved to strike the application for review asserting the application was not in compliance with Mo CODE REGS. ANN. TIT. 8, § 20–3.030(3)(A) (2003). The Commission, without explication, granted the motion to strike the application for failure to comply with the Rule. This appeal followed.

This court reviews the decisions of the Commission that are "clearly interpretations or applications of the law for correctness without deference to the Commission's judgment." *Taluc v. Trans World Airlines,* 34 S.W.3d 831, 833 (Mo. App.2000) (internal quotations omitted). "Where evidentiary facts are not disputed, the Commission's award becomes a question of law." *Id.* (internal notation omitted.)

In the sole issue on appeal, Lico asserts that that Commission misapplied the law in dismissing the appeal in that the assignments of error in the application for review complied with the Rule. The Rule states:

An applicant for review of any final award, order or decision of the administrative law judge shall state specifically in the application the reason the applicant believes the findings and conclusions of the administrative law judge on the controlling issues are not properly supported. It shall not be sufficient merely to state that the decision of the administrative law judge on any particular issue is not supported by competent and sufficient evidence.

Mo CODE REGS. ANN. TIT. 8, § 20–3.030(3)(A) (2003)

In his motion to strike the application, Jones relied on *Taluc v. Trans World Airlines,* 34 S.W.3d 831 (Mo.App.2000), in which the southern district of this court found an employer's assignments of error in the application that simply asserted, "[t]he Administrative Law Judge erred in his conclusion" was insufficient under the Rule. *Id.* at 833. Specifically, the court found that "[t]here are no *specific* allegations as to how the findings or conclusions of the administrative law judge on any of the controlling issues are not properly supported." *Id.*

Lico would distinguish its allegations from those in *Taluc* by asserting that its

assignments of error stated the reasons for each error. Lico likens its assignments of error to those in *Isgriggs v. Pacer Industries*, 869 S.W.2d 295 (Mo. App.1994). In *Isgriggs*, the claimant asserted two points of error:

1. That the Administrative Law Judge failed to find pre-existing industrial disability where competent and substantial evidence of disability was presented.

2. That the award of the Administrative Law Judge finding only permanent partial disability is against the weight of the evidence. Competent medical testimony indicated that the employee was permanently and totally disabled ...

*Id.* at 296. The Commission dismissed the appeal for violations of the Rule. On appeal, the eastern district found that the first assignment of error lacked the required specificity, but the second assignment of error, "while not an exemplar of specificity, sufficiently stated the reason claimant believed the Administrative Law Judge's findings and conclusions on the controlling issues were not properly supported." *Id.*

■ Under either *Taluc* or *Isgriggs*, Lico's third and fourth assignments of error are clearly insufficient. Under the plain language of the Rule, merely asserting that the evidence and the law do not support the decision, without more, does not provide the required specificity. The question, then, becomes whether the allegations that a decision is "contrary to the weight of the medical and expert opinions in evidence" and "the evidence does not support an award ... based on the expert and medical evidence" provides the required specificity.

This court first notes that the bulk of the evidence in this case was expert and medical evidence. In addition to medical bills and his own deposition, the claimant's evidence consisted of medical records, a rating report from a medical doctor, the deposition of two doctors, and the report of a vocational rehabilitation consultant. The employer presented the deposition testimony of three doctors. Asserting that a decision is not supported by or is against the weight of medical and expert testimony, in such a case, does little more than assert that the decision was not supported by sufficient and competent evidence.

Treating the second allegation of error in *Isgriggs*, which the court found was "not an exemplar of specificity," as a reasonable approximation of the minimum specificity required, this court finds Lico's assignments of error more akin to those of *Taluc* than the second allegation in *Isgriggs*. Lico's application did little more than assert that the decision of the ALJ was against the weight of the evidence or not supported by the evidence, patently insufficient under the Rule.

The Commission did not err in dismissing Lico's application for review for failure to comply with Mo CODE REGS. ANN. TIT. 8, § 20–3.030(3)(A) (2003). Judgment affirmed.

Judge DANDURAND concurs in the majority.

Judge SMART concurs in separate concurring opinion.

JAMES M. SMART, JR., Judge, concurring.

The issue in this case is whether the application for review was sufficiently specific in compliance with 8CSR20–3.030(3)(A).[1] The Commission granted the

---

1. All regulations cited hereafter are cited in short form, dropping the "8CSR20" portion    of the title.

motion to strike the application for review for failure to comply with the rule. I agree that the application for review could have more specifically asserted the contentions of error. I write separately because to me it seems unusual that no case has given consideration to the two-track system (one can file a brief or not file a brief) before the Commission. In my view, the two-track aspect of the regulations requires some comment.

A party petitioning the Commission to reverse a ruling by the ALJ can choose whether or not to file a brief. The petitioner is not required to file a brief. 3.030(3)(B). Nevertheless, the regulations seem to treat all applications for review the same in the sense that the application for review must in every case describe the nature of the error with the same degree of specificity.

Certainly, where the petitioner does not intend to file a brief, specificity is necessary for the Commission to be able to process the appeal. 3.030(3)(A). The respondent may file an answer to the petitioner's application for review, "concisely addressing" the contentions set forth in the application. 3.020(4)(A). Thus, we see that, when there is *no plan to file a brief,* it *is* especially important for the application for review to specify the exact nature of the claimed error so that the Commission is able to process the appeal. In the case of an assertion by the petitioner that the decision lacks substantial evidence and is against the weight of the evidence, the petitioner cannot reasonably expect the Commission to do all the work of going detail-by-detail through the whole transcript to determine the strength of the evidence, without even knowing what it is that makes the petitioner believe the decision was not supported in the evidence.

On the other hand, a petitioning party, in an application for review, may request briefing and oral argument. 3.020(3)(B).

The Commission establishes the briefing schedule. *Id.*

The regulations say that the purpose of the *briefs, inter alia,* is to "identify the issues in dispute" and discuss those issues. 3.020(5)(C). At oral argument, the parties conceded that, in cases where briefing *is* requested, there is no reason to believe that the Commission even looks at the content of an application for review unless an issue is raised by the respondent as to its adequacy.

The employer here stated in its application that it intended to argue that the award was against the weight of the evidence in awarding: 1) benefits for permanent total disability attributable to the last accident; 2) future medical; 3) past medical of $9,575.46; and 4) interest on the past medical. The employer did not, however, specify the *evidence* (*e.g.,* the testimony of a particular physician that claimant's disability was such-and-such) upon which it intended to rely in asserting such error. One would think that the attorney who represented the employer at the hearing would have had a sufficient idea of exactly what evidence was contrary to the award to be able to more fully complete the application for review. Therefore, I cannot disagree that the application did not comply with regulation 3.030(3)(A).

It is not clear what is accomplished by a rigorous enforcement of regulation 3.030(3)(A) when the petitioner intends to brief the issues under 3.030(4) and 3.030(5), and neither the Commission nor the opposing party are hindered or disadvantaged by a lack of specificity in the application for review. Perhaps the purpose of such rigorous enforcement, as hinted at by the respondent in this case, is to deter employers/insurers from petitioning for review merely for purposes of delay or negotiation when the employer/insurer has no good faith opinion that grounds of ap-

peal exist. In such a case, the employer/insurer may simply hope to later scan the transcript to find something to argue in order to delay the ultimate resolution, in hope that the claimant is under such financial distress that the claimant allow a significant discount in the award just to avoid the delay of an appeal. For the Commission to rigorously enforce the regulation to try to reduce such practices presumably is part of the Commission's design. I cannot say that such a design would be unlawful or unwise. It may conflict with the principle that rules relating to appeals are to be construed liberally in favor of allowing appeals to proceed. *See Isgriggs v. Pacer Industries,* 869 S.W.2d 295, 296 (Mo.App. E.D.1994) (taking a liberal approach to the application of 3.030(3)(A)). But even if it does conflict with that general principle, there may be justification for the Commission's position in an effort to limit meritless appeals in this context. As the majority opinion demonstrates, there are other cases upholding a strict enforcement, even in "briefing track" cases. *See, e.g., Taluc v. TWA,* 34 S.W.3d 831 (Mo.App.2000); *Smith v. Smiley Container Corp.,* 997 S.W.2d 126 (Mo.App.1999). I write simply because none of the Missouri cases that have addressed the specificity of an application for review under the regulation in question have discussed the "two track" system, nor commented on any justification for strictness in "briefing track" cases.

In any event, a party appealing to the Commission had best be wary of waiting until briefing to state specifically and fully the grounds on which it is appealing.