**Randy A. DAVIDSON, Claimant–Appellant,**

v.

**MISSOURI STATE TREASURER AS CUSTODIAN OF the SECOND INJURY FUND, Respondent.**

No. SD 30536.

Missouri Court of Appeals, Southern District, En Banc.

Dec. 7, 2010.

Jeffrey P. Gault, Clayton, MO, for Appellant.

Chris Koster, Attorney General, Jefferson City, MO, and, Frank A. Rodman, Assistant Attorney General, Cape Girardeau, MO, for Respondent.

DON E. BURRELL, Judge.

Randy Davidson ("Claimant") was the owner-operator of a dump truck. He was also a volunteer fireman. While responding to a fire call, Claimant fell onto some concrete blocks and injured his head, neck, shoulders, and hip. Those injuries left him unable to work for a period of just over five weeks. After settling his workers' compensation claim against the fire

protection district, Claimant filed a claim against the Second Injury Fund ("the Fund") for second job wage loss benefits under section 287.220.9,[1] based on income he would have earned operating his dump truck but for the injury he suffered while responding to the fire call.

An administrative law judge ("ALJ") ruled in Claimant's favor, awarding him $3,378.70. After the Fund filed an application for review, the Labor and Industrial Relations Commission ("the Commission"), in a 2–1 decision, reversed the award. Claimant now appeals the decision of the Commission.

Because Claimant failed to prove the existence of a "second employer" as required by section 287.220.9, the Commission correctly applied the law in denying Claimant's claim.

### Factual and Procedural Background

Claimant settled his claim against the Butler County Fire Protection District for $205.71 ($40 per week for 5 1/7 weeks). At the time of his injury, Claimant hauled asphalt and building materials to road-construction sites for Hester Trucking ("Hester") under a written lease agreement. The lease arrangement between Hester and Claimant (which had been in effect for several years prior to Claimant's injury) was Claimant's primary source of income. Claimant received payment from Hester based on the amount of asphalt hauled and mileage traveled. No taxes were deducted from the amounts Hester paid Claimant, and Claimant paid all registration fees and taxes for his truck. For the thirteen-week period immediately pre-

ceding his injury, Claimant earned an average of $1,510.74 per week leasing his dump truck to Hester; an amount that exceeded the then-maximum weekly temporary total disability rate of $696.97. No evidence was presented by Claimant as to how many employees Hester had or whether it had voluntarily acquired workers' compensation insurance.

The parties have stipulated that if the Fund is obligated to pay benefits to Claimant at all, Claimant would be entitled to receive the amount awarded by the ALJ— $3,378.70.

### Standard of Review

■ We must affirm the Commission's decision unless it "acted in excess of its powers, the award was procured by fraud, the facts found by the Commission do not support the award, or there was not sufficient competent evidence in the record to warrant making the award." *Clayton v. Langco Tool & Plastics, Inc.*, 221 S.W.3d 490, 491 (Mo.App. S.D.2007); section 287.495.1. Generally, we review the findings of the Commission and not those of the ALJ. *Gordon v. Tri–State Motor Transit Co.*, 908 S.W.2d 849, 852 (Mo.App. S.D. 1995).

■ As noted by the parties in their briefs and at oral argument,[2] the resolution of this case is a matter of statutory interpretation as the facts of the case are not in dispute. An issue that involves the interpretation or application of a statute is a question of law we resolve *de novo* without deference to the Commission's judg-

---

1. Unless otherwise indicated, all statutory references are to RSMo 2000.

2. We wish to express our thanks to the parties and their attorneys, who graciously agreed to have their case argued to the court *en banc* in front of an audience of students, judges, members of the bar and media, and other members of the public at the historic Scott County Courthouse in Benton, Missouri. We also wish to thank 33rd Circuit Presiding Judge David Dolan for his efforts in coordinating the event.

ment. *Booth v. Trailiner Corp.*, 21 S.W.3d 869, 871 (Mo.App. S.D.2000); *Jones v. Lico Steel*, 280 S.W.3d 713, 714 (Mo.App. W.D. 2009). Further, "[t]he legislature's own construction of its language by means of definition of the terms employed should be followed in the interpretation of the statute to which it relates[.]" *State v. Hermanns*, 641 S.W.2d 768, 769 (Mo. banc 1982).

## Analysis

■ In his sole point on appeal, Claimant argues the Commission misapplied the law in denying his claim against the Fund because his employment status as an "employee" "was already established by his primary injury status as a volunteer fireman which does not preclude second job wage loss benefits from [the Fund], under R.S.Mo. § 287.220.9[.]" The relevant findings of the Commission were as follows:

Section 287.220.9 RSMo specifically states that in order to be eligible for second job wage loss benefits, an employee who suffers a compensable work-related injury must be **"employed by more than one employer."** Further, in discussing [the Fund]'s liability, § 287.220.9 RSMo states that [the Fund's] liability shall be derived from "any additional wage loss benefits attributed to loss of earnings from the **employment or employments** where the injury did not occur...."

While there is no [dispute] that [Claimant] was an "employee," as defined by § 287.020.1 RSMo, of Butler County Fire Protection District when injured, the aforementioned statutory language clearly requires that an individual be an employee of a second employer in order to qualify for second job wage loss benefits. [Claimant] did not prove that he was employed by a second employer. Further, § 287.020.1 RSMo unequivocal-

ly excludes owner operators of motor vehicles from the definition of "employee."

. . . .

Giving plain meaning to the language in § 287.220.9 RSMo[ ] makes clear that the legislature intended for second job wage loss benefits to only apply to individuals that meet the definitional requirements of "employee," as defined by § 287.020.1 RSMo[.] ... In this case, [Claimant] only proved an employment relationship with one employer and, therefore, is not entitled to second job wage loss benefits from [the Fund].

(Bolding in original). We agree.

This appears to be a matter of first impression. Prior Missouri cases have addressed the owner-operator exemption from workers' compensation only in situations where the claimant was attempting to recover benefits for injuries sustained while doing the type of work the exemption covers. *See, e.g., Booth v. Trailiner Corp.*, 21 S.W.3d 869 (Mo.App. S.D.2000); *Nunn v. C.C. Midwest*, 151 S.W.3d 388 (Mo.App. W.D.2004). It is undisputed that, in his capacity as the owner-operator of the dump truck Claimant leased out to Hester, Claimant was not an "employee" of Hester under the workers' compensation law and could not have received workers' compensation benefits from an injury he suffered while driving his dump truck for Hester.

Three sections of the workers' compensation law are applicable to this appeal. Section 287.220.9 provides:

Any employee who at the time a compensable work-related injury is sustained is *employed by more than one employer*, the employer for whom the employee was working when the injury was sustained shall be responsible for wage loss benefits applicable only to the earnings in that employer's employment and the injured employee shall be enti-

tled to file a claim against the second injury fund for any additional wage loss benefits attributed to loss of earnings *from the employment or employments where the injury did not occur,* up to the maximum weekly benefit less those benefits paid by the employer in whose employment the employee sustained the injury. The employee shall be entitled to a total benefit based on the total average weekly wage of such employee computed according to subsection 8 of section 287.250. The employee shall not be entitled to a greater rate of compensation than allowed by law on the date of the injury. The employer for whom the employee was working where the injury was sustained shall be responsible for all medical costs incurred in regard to that injury.

(Emphasis added).

Section 287.020.1 defines "employee" for purposes of workers' compensation.

The word **'employee'** *as used in this chapter* shall be construed to mean every person *in the service of any employer,* as defined in this chapter, under any contract of hire, express or implied, oral or written, or under any appointment or election, including executive officers of corporations ... The word **'employee'** *shall not include an individual who is the owner and operator of a motor vehicle which is leased or contracted with a driver to a for-hire ... motor carrier operating within a commercial zone* [.]

(Bolding in original; italics added).

Section 287.030.1 provides, in pertinent part:

The word **"employer"** as used in this *chapter* shall be construed to mean:

(1) Every person, partnership, association, corporation, limited liability partnership or company, trustee, receiver, the legal representatives of a deceased employer, and every other person, including any person or corporation operating a railroad and any public service corporation, using the service of another for pay;

. . . .

(3) Any of the above-defined employers must have five or more employees to be deemed an employer for the purposes of this *chapter* unless election is made to become subject to the provisions of this *chapter* as provided in subsection 2 of section 287.090, except that construction industry employers who erect, demolish, alter or repair improvements shall be deemed an employer for the purposes of this *chapter* if they have one or more employees.

(Bolding in original; italics added).

▮▮▮ When interpreting a statute, our primary aim is to ascertain the intent of the legislature from the language used and give effect to that intent, remembering that "every word of a statute is presumed meaningful." *Gott v. Director of Revenue,* 5 S.W.3d 155, 158 (Mo. banc 1999). "Where the language of a statute is unambiguous and clear, this Court will give effect to the language as written, and will not engage in statutory construction." [3]

---

**3.** In 2005, the legislature amended section 287.800 to require strict, as opposed to liberal, construction of the workers' compensation statutes. Although both parties agree that this case is governed by the former version of section 287.800, whether liberal or strict construction applies makes no difference because the term "employer" is specifi-

cally defined in section 287.030. That term is not ambiguous, and no statutory construction is required. *C.f. In re Estate of Bloomer,* 620 S.W.2d 365, 367 (Mo. banc 1981) (when the language of a statute is "plain and unambiguous[,] ... no construction, liberal or otherwise[,]" is required).

*Dubinsky v. St. Louis Blues Hockey Club,* 229 S.W.3d 126, 130 (Mo.App. E.D.2007).

The plain language of section 287.220.9 states that an employee with *"more than one employer"* can recover additional wage loss benefits "attributed to loss of earnings from the employment or employments where the injury *did not occur*[.]" (Emphasis added). Under section 287.030.1, any person or entity listed in subsection (1) is deemed to be an "employer" for workers compensation purposes if he or it: 1) is a particular type of construction industry employer and has at least one employee; 2) is any other type of employer and has at least five employees; or 3) has voluntarily elected to become subject to the workers' compensation law pursuant to section 287.090.2.[4]

■ "The claimant in a workers' compensation proceeding has the burden of proving all elements of the claim to a reasonable probability." *Cooper v. Medical Ctr. of Independence,* 955 S.W.2d 570, 574–75 (Mo.App. W.D.1997), *overruled on other grounds by Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220 (Mo. banc 2003).

Even if we were to assume as true Claimant's argument that because he was an "employee" of the fire protection district he was also thereby an "employee" of Hester for purposes of section 287.220.9— a dubious proposition at best in light of the fact that section 287.020.1 directs that for purposes of the entire workers' compensation chapter "'employee' shall not include an individual who is the owner and operator of a motor vehicle which is leased or contracted with a driver to a for-hire ... motor vehicle carrier operating within a commercial zone ...."—in this particular case there was no evidence that Hester had any employees or had purchased workers' compensation insurance. In the absence of such evidence, Claimant could not establish that Hester was a second "employer" for workers' compensation purposes—a necessary element of his claim under section 287.220.9. As a result, the Commission did not misapply the law when it ruled that Claimant was ineligible for second job wage loss benefits because he was not "employed by more than one employer." [5]

The Commission's Final Award Denying Compensation is affirmed.

SCOTT, C.J., BARNEY, RAHMEYER, BATES, and LYNCH, JJ., concur.

FRANCIS, J., Concurs in separate opinion.

WILLIAM W. FRANCIS, JR., Judge, concurring.

I concur. While the circumstances of Mr. Davidson's earnings loss from his trucking job may suggest application of section 287.220(9) and the benefits therefrom, I concur for the reason the record before us is insufficient to determine

---

4. This is usually accomplished by purchasing a qualifying workers' compensation insurance policy.

5. This does not mean that Claimant would have been entitled to recover on his claim against the Fund if he had presented evidence showing that Hester was an "employer" for purposes of the workers' compensation law. Claimant would still have had to establish that he was entitled to recover "additional wage loss benefits attributed to loss of earn-

ings from *the employment or employments* where the injury did not occur[.]" Section 287.220.9 (emphasis added). Because neither the term "employment" nor "employments" is statutorily defined in Chapter 287, whether that omission would thereby trigger a liberal construction of the statute in favor of coverage is a matter we are not required to reach and express no opinion on in light of the specific facts of this case.

whether Hester was an employer as that term is defined in section 287.030.