

# Missouri Court of Appeals

### Southern District

### Division Two

ALI CRAWFORD,     )
          )
  Claimant-Appellant,   )
          )
vs.          )  No. SD36028
          )
RONALD MCDONALD HOUSE  )
CHARITIES,       )
          )  **Filed:  September 26, 2019**
  Employer-Respondent.  )

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

Ali Crawford ("Claimant") appeals the decision of the Labor and Industrial Relations Commission ("Commission") dismissing her application for a full Commission review of the administrative law judge's decision on her worker's compensation claim. The Commission dismissed her application after finding Claimant's application failed to satisfy the minimum requirements of 8 CSR 20-3.030(3)(A).[1] We affirm the Commission's decision.

## Background and Procedural History

Claimant brought an action against her employer Ronald McDonald House Charities ("Employer") and its insurer, American Family Mutual Insurance Co.

---

[1] All citations are to 8 CSR 20-3.030 (August 30, 2003).  All statutory citations are to RSMo. (2000).

Claimant alleged she suffered work-related injuries for an incident that occurred on December 11, 2012. Claimant alleged she experienced a severe allergic reaction while at work because of exposure to latex.

A hearing was held before the Administrative Law Judge ("ALJ"). Claimant testified in support of her claim and presented evidence including medical records and the deposition of a physician. Employer presented evidence, including the testimony of one witness, and the depositions of a physician and another individual. The ALJ entered its Rulings of Law, where it found the testimony of Employer's physician witness more credible than Claimant's physician witness. The ALJ concluded Claimant "failed to meet her burden of proof in either establishing she suffered an accident or that she suffered an occupational disease" and denied her claim for compensation.

Claimant timely filed her "Application for Review" seeking review of the ALJ's decision by the full Commission. In relevant part, she alleged the ALJ's award was: erroneous for the following specific reasons:

> 1. The judge erred in finding that the Employer/Insurer was not liable for Claimant's injuries and for Claimant's permanent partial disability, as the only credible evidence was that the employee was injured at work on December 11, 2012, in that she was removed from her place of employment at the time of the exposure and taken to the emergency room by medical personnel suffering from an allergic reaction and as a result of the exposure, Claimant has sustained permanent partial disability.
>
> 2. The only credible evidence is that Claimant was injured while at work and [the ALJ] ignored that evidence in reaching his decision that Claimant's injuries and subsequent disability were not work related.[2]

---

[2] The application for review also included the following:

> 3. [Claimant] requests an opportunity to submit briefs.
>
> 4. [Clamant] requests the opportunity to orally argue this matter before the Commission. [Clamant] believes that oral argument will be beneficial because of specific evidence in the record that will demonstrate that the award should be reversed as it is contrary to the evidence. Oral argument will give the parties the opportunity to answer all questions and condense by argument the evidence.

Employer filed a "Motion to Dismiss the Application for Review" for Claimant's failure to comply with 8 CSR 20-3.030(3)(A).  The Commission agreed with Employer and dismissed Claimant's application for review.  This appeal followed.

## Standard of Review

This Court "reviews decisions by the Commission to ensure they are 'supported by competent and substantial evidence.'" ***White v. ConAgra Packaged Foods, LLC***, 535 S.W.3d 336, 338 (Mo. banc 2017) (quoting Mo. Const. article V, § 18); ***Hampton v. Big Boy Steel Erection***, 121 S.W.3d 220, 222 (Mo. banc 2003).  This Court reviews the Commission's award to see whether:  (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant making the award.  § 287.495.1; ***White***, 535 S.W.3d at 338.  Questions of law receive *de novo* review.  ***Mantia v. Missouri Dept. of Transp.***, 529 S.W.3d 804, 808 (Mo. banc 2017).  When the Commission dismisses an application for review, the only ground for this Court's review is whether the Commission "acted without or in excess of its power." ***Wilkey v. Ozark Care Center Partners, L.L.C.***, 236 S.W.3d 101, 103 (Mo. App. S.D. 2007); ***Dickens v. Hannah's Enters., Inc.***, 360 S.W.3d 910, 913 (Mo. App. S.D. 2012).

## Discussion

Claimant argues the Commission erred in dismissing her application for review because she met the threshold standard established in 8 CSR 20-3.030(3)(A).  This administrative rule provides:

---

5.      [Claimant] requests a copy of the transcript of the hearing.

(A) An applicant for review of any final award, order or decision of the administrative law judge shall state specifically in the application the reason the applicant believes the findings and conclusions of the administrative law judge on the controlling issues are not properly supported. It shall not be sufficient merely to state that the decision of the administrative law judge on any particular issue is not supported by competent and substantial evidence.

8 CSR 20-3.030(3)(A). Claimant asserts she complied with this rule because, in her application for review, she alleged the ALJ "has ignored evidence" and that she had stated "what specific evidence has been ignored." Claimant argues her application contained sufficient information to inform the Commission of the matters on which she sought review.

The Commission found Claimant's application for review insufficient to satisfy 8 CSR 20-3.030(3)(A), stating, "[a]t minimum, our rule requires an applicant for review to identify the [ALJ's] particular findings and/or conclusions with which the applicant disagrees, and to state specifically why the applicant disagrees with them" and that if the ALJ "*did* ignore any evidence, [Claimant] has failed to specifically identify such in her application for review." Further, the Commission found Claimant "failed to state why her evidence should be seen as the 'only' credible evidence" available to be considered by the ALJ. The Commission stated that in those cases that turn on conflicting testimony regarding "primarily factual issues such as medical causation," an applicant for review should "at minimum, announce the basis for asking the Commission to second-guess" the ALJ's fact-finding.

As stated in our standard of review, the only ground for this Court to review the Commission's decision to dismiss an application is whether or not the Commission "acted without or in excess of its powers" when it dismissed Claimant's application for

4

review based on 8 CSR 20-3.030(3)(A). *Dickens*, 360 S.W.3d at 913 (quoting *Wilkey*, 236 S.W.3d at 101). It is Claimant's burden to "establish error that warrants relief." *Id.*

8 CSR 20-3.030(3)(A) has previously been upheld as a lawful exercise of the Commission's authority to promulgate rules. *Szydlowski v. Metro Moving & Storage Co.*, 924 S.W.2d 325, 327 (Mo. App. E.D. 1996). 8 CSR 20-3.030(3)(A) requires a claimant's application for review "to state specifically the reason the aggrieved party believes the findings and conclusions of the [ALJ] on the controlling issues are not properly supported." *Smith v. Smiley Container Corp.*, 997 S.W.2d 126, 129 (Mo. App. S.D. 1999); *see* 8 CSR 20-3.030(3)(A).

In the present case, Claimant's application for review provides a description of what she deems to be the "only credible evidence." She describes this evidence as:

> the employee was injured at work on December 11, 2012, in that she was removed from her place of employment at the time of the exposure and taken to the emergency room by medical personnel suffering from an allergic reaction and as a result of the exposure, Claimant has sustained permanent partial disability.

Her application states the "only credible evidence is that Claimant was injured while at work" and the ALJ "ignored" this evidence.

Claimant's application does not comply with 8 CSR 20-3.030(3)(A)'s requirement that an application describe "specifically" why the ALJ's decision "[is] not properly supported." 8 CSR 20-3.030(3)(A). It is not sufficient for Claimant to describe why she believes the evidence she presented was credible, but rather the rule requires she must state specifically *why* the ALJ's decision was wrong. *See Taluc v. Trans World Airlines*, 34 S.W.3d 831, 834 (Mo. App. E.D. 2000) ("[Claimant] provides no specific allegation as to why the [ALJ] may have erred or how the decision is not properly supported by evidence as required by the Commission's rule."). Claimant's

blanket assertions that her evidence was the "only credible evidence" are similar to the claimant's assertion in ***Wilkey*** that the Commission's award "was against the weight of the ***credible*** evidence." 236 S.W.3d at 102 (emphasis added). The ***Wilkey*** court found the claimant's reasons "failed to specifically identify" why the ALJ's findings and conclusions were not properly supported by the record before the ALJ. ***Id***.

Here, the Commission was left to speculate as to what part of the ALJ's decision was disputed and why Claimant believed the ALJ's decision was unsupported by the evidence. The rule specifically states "[i]t shall not be sufficient merely to state that the decision of the [ALJ] on any particular issue is not supported by competent and substantial evidence." 8 CSR 20-3.030(3)(A). Without more detail, Claimant's general statements constitute "little more than assert[ions] that the decision was not supported by sufficient and competent evidence." ***Jones v. Lico Steel***, 280 S.W.3d 713, 715 (Mo. App. W.D. 2009). These types of assertions in ***Jones*** were deemed "patently insufficient" to comply with the rule. ***Id***. Similarly here, the Commission did not act in excess of its powers when it dismissed Claimant's application for review for failure to meet the minimum requirements of 8 CSR 20-3.030(3)(A).

## Conclusion

The Commission's decision dismissing Claimant's application for review is affirmed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCURS IN SEPARATE OPINION

DON E. BURRELL, J. – CONCURS

6



# Missouri Court of Appeals

## Southern District

### Division Two

ALI CRAWFORD,                                )
                                             )
    Claimant-Appellant,   )
                                             )
vs.                                          )    No. SD36028
                                             )
RONALD MCDONALD HOUSE                         )
CHARITIES,                                   )
                                             )
    Employer-Respondent.  )

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

**CONCURRING OPINION**

I reluctantly concur, drawing liberally from Judge Smart's ***Jones v. Lico Steel*** insights to explain my aversion.[1]

A party seeking Commission review can choose to file a brief or not. Either way, a Commission rule holds applications for review to equivalent specificity in alleging error. "Certainly, *where the petitioner does not intend to file a brief*, specificity is necessary for the Commission to be able to process the appeal" without doing the petitioner's work or crossing the bounds of advocacy. 280 S.W.3d at 716 (my emphasis).

Here, in contrast, Claimant requested to file a brief. In that situation, the Commission is to schedule briefing which, to cite its rule, "is to 'identify the issues

---

[1] *See* 280 S.W.3d 713, 715-17 (Mo.App. 2009)(Smart, J., concurring). As all of my ***Jones*** references are to Judge Smart's concurrence, I will not repeat that fact in my case citations.

in dispute' and discuss those issues." ***Id***.; *see also* 8 CSR 20-3.030(3)(B) & (5)(C). Thus a request for briefing, in this case or others, utterly changes the role of the application for review:

> At oral argument [in ***Jones***], the parties conceded that, in cases where briefing *is* requested, there is no reason to believe that the Commission even looks at the content of an application for review unless an issue is raised by the respondent as to its adequacy.

***Id***. In light of all that, I cannot put things better than Judge Smart did:

> It is not clear what is accomplished by a rigorous enforcement of regulation 3.030(3)(A) when the petitioner intends to brief the issues under 3.030(4) and 3.030(5), and neither the Commission nor the opposing party are hindered or disadvantaged by a lack of specificity in the application for review.

***Id***. He presumed the Commission sought, in part, to deter employers and insurers from seeking review in bad faith to delay payment (***id***. at 716-17) which obviously does not fit this case and could not justify this dismissal.

Why stretch for a harmless technical reason to dismiss when, to paraphrase Judge Smart, Claimant sought to brief the issues per Commission regulations, so *no one* was hindered by lack of specificity in the application for review? Can the Commission do that? Apparently. Is there any remedy? Apparently not. *See* ***Dickens v. Hannah's Enterprises, Inc.***, 360 S.W.3d 910, 913 & n.5 (Mo.App. 2012); § 287.495.1.[2]

DANIEL E. SCOTT – CONCURRING OPINION AUTHOR

---

[2] A final note of irony: The Commission just amended 8 CSR 20-3.030(3)(A) to warn that "allegations of error in an application for review are not an opportunity for early briefing" and to keep the whole application short because the Commission may "decline" to read more than five pages. *See* 44 Mo.Reg. 1380 (May 15, 2019), 44 Mo.Reg. 2308 (Sept. 2, 2019).