

# Missouri Court of Appeals
## Southern District

### In Division

DANIEL EMERSON,                                )
                                               )
      Plaintiff-Appellant,             )
                                               )
v.                                             )  Nos.  SD38424, 38434
                                               )
PRESTRESSED CASTING COMPANY,                   )  Filed: **November 19, 2024**
                                               )
                                               )
      Defendant-Respondent,            )
                                               )
and                                            )
                                               )
TREASURER OF MISSOURI,                         )
CUSTODIAN OF THE SECOND INJURY                 )
FUND,                                          )
                                               )
                                               )
      Respondent/Cross-Appellant.      )

### APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

### <u>AFFIRMED</u>

Daniel Emerson ("Emerson") and the Second Injury Fund ("Fund") appeal the decision

of the Missouri Labor and Industrial Relations Commission ("Commission"), alleging the

Commission acted without or in excess of its powers when it failed to dismiss Prestressed

Casting Company's ("Employer") application for review for failing to comply with 8 C.S.R. 20-3.030(3)(A).[1]  We affirm.

## Factual Background and Procedural History

On August 29, 2018, Emerson filed a claim for workers' compensation benefits against Employer and the Fund, alleging permanent and total disability due to accidents that occurred while working for Employer.  These claims were heard before an Administrative Law Judge ("ALJ") on June 23, 2022.

On November 2, 2022, the ALJ issued an award.  The ALJ found:  (1) that Emerson's average weekly wage at the time of his injury was $1,048.54, with sixty-six and two-thirds percent of that being $699.06; (2) that Emerson "is permanently and totally disabled due to the injuries of the . . . accident alone" with the "nature and extent of any permanent disability" being "[p]ermanent total disability"; (3) that the Fund has no liability; and (4) that Employer is liable for future medical treatment for the remainder of Emerson's lifetime for injuries Emerson suffered to his neck, upper back, lower back, right arm and hand, both legs extending to his feet, and for recurring headaches due to his injuries.

Employer timely filed an application for review ("AFR") to the Commission on November 16, 2022.  The AFR stated that the ALJ's award was erroneous for the following reasons:

1.  The ALJ erroneously made a distinction between impairment and disability in disregard of prior settlements.
2.  The ALJ erroneously interpreted and/or applied Section 287.220 regarding liability of the Second Injury Fund.
3.  The ALJ's award is against the overwhelming weight of the evidence regarding the relationship between employee's pre-existing disability and the work-related injury.

---

[1] All Code of State Regulations references are to 8 C.S.R. 20-3.030, as amended through August 30, 2022.

There were no supporting documents attached to Employer's AFR.

Emerson filed a response to Employer's AFR on November 18, 2022. In answering Employer's AFR, Emerson provided detailed responses to each of Employer's arguments, including:

1. The Division did not make an erroneous distinction between impairment and disability in disregard of prior settlements. Although the Employer/Insurer do not allege more specific error, we attempt to answer with the following subparts.
   a. No expert reported that Emerson had impairments. They only reported upon his medical problems as disabilities . . . .
   b. The previous settlements did not refer to impairments, only disabilities.
   c. This Commission can and should decide this appeal based solely upon the factual record about Emerson comparing before and after the last accident that happened in 2018
   . . .
2. The Division did not erroneously interpret or apply **Section 287.220.3** regarding the liability of the Second Injury Fund . . . . Even with the amendment of the Second Injury Fund liability provisions in **Section 287.220.3**, employers are still liable for permanent total disability benefits if the permanent total disability results from the last accident alone . . . .
3. The Final Award is not against the overwhelming weight of the evidence about the relationship between the pre-existing and primary disabilities. Emerson returned to his previous position at very heavy labor after each accident until his last one . . . . There was no evidence he required any accommodations or significantly changed his activity to return to his very heavy work . . . . [The] Vocational expert . . . reported that Emerson was permanently and totally disabled from the last accident alone.

(emphasis in the original). On the same day, Emerson filed his own alternative application for review with the Commission.

On December 5, 2022, Emerson filed a motion to dismiss Employer's AFR for failure to comply with the requirements of 8 C.S.R. 20-3.030(3)(A). Employer responded the next day, contending that Emerson's motion to dismiss should not be granted because Emerson's response indicated that Emerson was on notice of the allegations in the AFR and that an AFR must only "contain enough detail for the parties to understand what the appellant contends is wrong with

3

the [f]inal [a]ward." On March 14, 2023, the Fund filed its own motion to dismiss Employer's AFR, arguing that it did not comply with 8 C.S.R. 20-3.030(3)(A).

On July 14, 2023, the Commission issued an order denying the motions to dismiss. In pertinent part, the Commission stated:

> We exercise our discretion under 8 CSR 20-3.030(3)(A) and decline to dismiss the [Employer's] Application for Review. Although the [Employer's] Application could certainly be more specific in terms of announcing its position concerning the controlling issues that appear to be involved in this case, we believe the [Employer's] Application for Review satisfies the minimum requirement under our rule, in that [Employer] has challenged, with adequate specificity, the ALJ's findings and conclusions with regard to the issue of whether the Treasurer of Missouri, as the Custodian of the Second Injury Fund, or the [Employer] is liable for payment of permanent total disability benefits.

After reviewing the evidence and the parties' briefs, the Commission modified the award and decision of the ALJ, determining that: (1) Employer is responsible for permanent partial disability related to the primary injury in the amount of 35% of the body as a whole (140 weeks) at the weekly rate of $496.38 beginning August 6, 2020; and (2) the Fund is liable to Emerson for weekly permanent total disability benefits in the amount of $202.68 beginning August 6, 2020, for 140 weeks, and after that, at the weekly amount of $699.06 for Emerson's lifetime or until modified by law. This appeal followed.

**Standard of Review**

Whether the Commission acted within its statutory powers is a question of law which this Court reviews *de novo*. *Kent v. NHC Healthcare*, 621 S.W.3d 596, 610 (Mo. App. E.D. 2021). This Court will review the Commission's decisions that are clearly interpretations or applications of law for correctness without deference to the Commission's judgment. *Taluc v. Trans World Airlines*, 34 S.W.3d 831, 833 (Mo. App. E.D. 2000).

4

**Analysis**

"Administrative rules and regulations are interpreted under the same principles of construction as statutes." *McGough v. Dir. of Revenue*, 462 S.W.3d 459, 462 (Mo. App. E.D. 2015) (internal citations omitted). When a decision involves regulatory discretion, the Commission is entitled to a large amount of discretion. *Matter of Verified Application and Petition of Laclede Gas Co.*, 504 S.W.3d 852, 859 (Mo. App. W.D. 2016). "However, this Court exercises independent judgment regarding the Commission's interpretation of a statute and must correct erroneous interpretations of law." *Id.* (citing *State ex rel Union Elec. Co. v. Pub. Serv. Comm'n*, 399 S.W.3d 467, 477 (Mo. App. W.D. 2013)).

> 8 C.S.R. 20-3.030(3)(A) provides:
>
> An application for review of any final award, order, or decision of the [ALJ] shall state specifically the reason the applicant believes the findings and conclusions of the [ALJ] on the controlling issues are not properly supported. It shall not be sufficient merely to state that the decision of the [ALJ] on any particular issue is not supported by competent and substantial evidence. The allegations of error in an application for review are not an opportunity for early briefing, but rather serve to notify the commission and opposing parties of the nature of the issues that will be addressed on appeal . . . .

In reviewing a commission's decision to accept or dismiss an application for review, "the only ground for this Court's review is whether the Commission 'acted without or in excess of its power.'" *Crawford v. Ronald McDonald House Charities*, 587 S.W.3d 696, 698 (Mo. App. S.D. 2019) (citing *Wilkey v. Ozark Care Ctr. Partners, L.L.C.*, 236 S.W.3d 101, 103 (Mo. App. S.D. 2007); *Dickens v. Hannah's Enters., Inc.*, 360 S.W.3d 910, 913 (Mo. App. S.D. 2012)). [2]

---

[2] The Fund argues that this Court should hold that regulations promulgated under the Missouri Workers' Compensation Law are to be strictly construed. In denying Employer and Fund's motions to dismiss Employer's AFR, the Commission stated that:

> [W]e accept [Employer's AFR] to give effect to the longstanding principle of Missouri jurisprudence that "[c]ases should be heard and decided on their merits. To that end, statutes and rules relating to appeals being remedial, are to be construed liberally in favor of allowing appeals to proceed." *Isgriggs v. Pacer Indus.*, 869 S.W.2d 295, 296 (Mo. App. E.D. 1994).

5

Upon reviewing Employer's AFR and the parties' subsequent filings, the Commission declined to dismiss Employer's AFR. The Commission determined that:

> Although[Employer's AFR] could certainly be more specific in terms of announcing its position concerning the controlling issues that appear to be involved in this case, we believe the [Employer's AFR] satisfies the minimum requirement under our rule, in that [Employer] has challenged, with adequate specificity, the ALJ's findings and conclusions with regard to the issue of whether the Treasurer of Missouri, as the Custodian of the Second Injury Fund, or the [Employer] is liable for payment of permanent total disability benefits.

8 C.S.R. 20-3.030(3)(A) was enacted to ensure that opposing parties are notified of the nature of the issues to be addressed on appeal. The AFR is not meant to be an opportunity for "early briefing," but instead is only required to contain enough information to put Employer, the Fund, and the Commission on notice of the issues for appeal. *Id.*

Emerson and the Fund argue that Missouri case law required the Commission to dismiss Employer's AFR. Emerson cites multiple cases in which appellate courts affirmed the Commission's dismissals of various applications for review due to noncompliance with 8 C.S.R. 20-3.030(3)(A).[3] *See **Crawford**, 587 S.W.3d 696; **Taluc**, 34 S.W.3d 831; **Smith v. Smiley Container Corp.**, 997 S.W.2d 126 (Mo. App. S.D. 1999); **Szydlowski v. Metro Moving & Storage Co.**, 924 S.W.2d 325 (Mo. App. E.D. 1996); **Wilkey**, 236 S.W.3d 101; **Jones v. Lico Steel**, 280 S.W.3d 713 (Mo. App. W.D. 2009); **Miller v. Henniges Auto. Sealing Sys. N. Am., Inc.**, 632 S.W.3d 498 (Mo. App. E.D. 2021). Emerson believes that these opinions demonstrate that the allegations in Employer's AFR are insufficient. We disagree.

---

The decision in ***Isgriggs*** predates a 2005 amendment to §287.800 which states that the provisions in Chapter 287 shall be strictly construed. This Court need not decide the issue of whether the Commission is now required to strictly construe the requirements 8 C.S.R. 20-3.030(3)(A), as we find that even if we were to use strict construction, Employer's application would still be sufficient.

[3] In each case cited by Emerson, with the exception of ***Miller***, an appellate court upheld the Commission's finding that the application was insufficient. Emerson fails to cite a case where the Commission accepted an application and an appellate court reversed that decision, as Emerson asks us to do here. In ***Miller***, the appellate court reversed the Commission's decision, a dismissal of an AFR, on grounds that the Commission failed to follow 8 C.S.R. 20-3.030(3)(A) by not considering documents attached to the AFR. *See **Miller**, 632 S.W.3d 498.*

6

While Emerson and the Fund cite to cases where the Commission has rejected applications for review, the allegations in those cases are not the same as the allegations before this Court. This Court agrees with the Commission: Although not perfect, Employer's allegations contain enough detail such that Employer's AFR was sufficient for the purposes of 8 C.S.R. 20-3.030(3)(A). Such sufficiency is evidenced by the fact that Emerson was able to respond in detail to the allegations in Employer's AFR, and that the issues addressed in Emerson's response were the same issues that the Commission relied upon in entering their own findings. This demonstrates that the AFR was sufficient to put Emerson and the Fund on notice of those issues to be addressed by the Commission.

## Conclusion

The decision of the Labor and Industrial Relations Commission is affirmed.

MATTHEW P. HAMNER, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

BECKY J. WEST, J. – CONCURS

7